MOISE, Justice.
 

 We granted a writ of certiorari to review the judgment of the Court of Appeal, Parish of Orleans, reversing the judgment of the district court (which had granted compensation to plaintiff under the Workmen’s Compensation Act, LSA-RS 23:1021 et seq.); and maintaining defendant’s exceptions of no right and of no cause of action. See 42 So.2d 371.
 

 The basis of the exceptions is that the Louisiana Compensation Act is not applicable because (1) The injury did not occur in Louisiana, and (2) The contract of employment was not executed in Louisiana.
 

 Plaintiff is a resident of Louisiana. 'Defendant dredging company is a Delaware corporation and while its principal office is in Missouri, it is engaged in work of a transient nature through several southern States; it has two branch offices in Louisiana — New Orleans and Morgan City, and for all practical purposes, Captain Paulk, its employee, had full authority to handle its transactions, particularly hiring and firing of employees, without further approval of the company.
 

 The employer-employee relationship between plaintiff and the dredging company began in 1931, in Nashville, Tenn. However, in 1941, Ohlhausen left the employ of the dredging company in Florida and returned to Louisiana, where he worked for another company. The first contract of employment had thus terminated. In the latter part of January, 1942, he then wrote to Captain Paulk from Louisiana (Paulk was then in Florida), and asked for his old job with the Dredging Company. The latter informed Ohlhausen that if he went to Jacksonville, Florida, where the dredge “Duplex” was then operating, he could have his old job back. Plaintiff thereupon proceeded from Louisiana to Jacksonville and joined the dredging crew. The itinerary of the dredge, both within and without the State of Louisiana, from one job to another, is of no moment (except to show that a large part of its engagements were in Louisiana), until the plaintiff’s injury, which occurred at Luna Landing, Arkansas, on or about March 1, 1944.
 

 From the foregoing, it is shown that there was a definite contract of employment entered into — in Louisiana. Plaintiff made an. offer, defendant made a counteroffer, and plaintiff accepted it by boarding a train in Louisiana and going to Jacksonville, Florida. Regardless of the “intent” of the contracting parties as to what, if any, compensation law should govern the employment, from the extrinsic facts of the case, we are bound to apply the Louisiana law.
 

 
 *682
 
 Once it has been established that the contract of employment was entered into in Louisiana, a Louisiana court, which has jurisdiction ratione personae of the litigants, will give the Louisiana Compensation Statute extraterritorial effect, to cover injuries received in another state or in a foreign country. “Although there is no express stipulation contained in the statute to the effect that it shall have extraterritorial jurisdiction, it has been consist'ently held by our courts that, if the contract of employment is made within this State, the law will apply even though the employee was injured in another State or in a foreign country. See Hargis v. McWilliams Co., Inc., 9 La.App. 108, 119 So. 88, Festervand v. Laster, 15 La.App. 159, 130 So. 634, and Selser v. Bragmans Bluff Lumber Co., La.App., 146 So. 690. And the Supreme Court of the United States has declared that the State courts have power to grant compensation to employees, locally employed, for injuries received outside of its borders. See Bradford Electric Light Co., Inc., v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026, 82 A.L.R. 696, and Alaska Packers Ass’n v. Industrial Accident Commission, 294 U.S. 532, 55 S.Ct. 518,
 
 79
 
 L.Ed. 1044.” McKane v. New Amsterdam Casualty Co., La.App., 199 So. 175, 178-179.
 

 Since this case falls within the purview of the Louisiana Compensation Statute, it is not necessary to consider the statutory provisions of Tennessee, Florida, or Arkansas on the subject.
 

 The rights accorded workmen by the Louisiana Compensation Act cannot be permitted to become the unmeaning waste and shattered spoils of thoughtless chance.
 

 For the reasons assigned, the judgment of the Court of Appeal for the Parish of Orleans is reversed, annulled and set aside, and the case is remanded to the Court of Appeal for decision on the merits, in conformity with law, and defendant appellee to pay all costs.