LOTTINGER, Judge:
Petitioner, Jack R. Reed, filed suit against Zurich General Accident & Liability Insurance Co., Ltd., under the Workmen’s Compensation Laws of the State of Louisiana, LSA-R.S. 23:1021 et seq. The defendant filed an exception to the jurisdiciton of the Court. The Lower Court maintained the exception and dismissed the suit. Petitioner has appealed.
The accident, which is the basis of this suit, admittedly occurred in the State of Tennessee. Petitioner bases his suit in Louisiana on the allegation that his employment contract with the assured was a Louisiana contract. The exception of defendant is predicated upon the fact that the employment contract was a Mississippi contract.
At the time of the alleged injury, the petitioner was employed by Houston Contracting Company, a corporation of the State of Texas, authorized to do business in Louisiana. Houston Contracting Co. was doing contract work for Gulf Interstate Gas Company, and was laying a pipeline from Rayne, Louisiana to a point near Columbia, Tennessee. Petitioner had been employed with *661 Houston Contracting Company in the laying of a section of the pipeline near Green-ville, Mississippi, which job lasted about two months. About two days after completion of the Greenville job, petitioner worked for Houston Construction Co. on a section of the pipeline extending from Hol-landale, Mississippi, to Eunice, Louisiana, which section was completed about May 2, 1954. Upon completion of this section the foreman, Mr. Lytel, told petitioner and the other workers that as soon as another job starts he would try to use them if they so desired. It is this particular conversation at Eunice, together with a later conversation over the telephone, which forms the dispute presently before us.
The petitioner claims that Mr. Lytel told him at Eunice that he, petitioner, would have a job when work resumed in New Albany, Mississippi, in about three weeks. A couple of weeks later, petitioner called Mr. Marquis, an employee of Gulf Interstate Gas Co., and asked when the New Albany section would be started. Mr. Marquis told him that he would ask Mr. Lytel and would call petitioner the following day. The following day Mr. Marquis called, from Mississippi, to petitioner in Louisiana, and, according to the testimony of petitioner, told petitioner that his job would start in a few days and so he had better come to New Albany. Mr. Marquis testified that he told petitioner tjiat the New Albany job would not start for a few days, 'but that if Mr. Lytel could use him, petitioner could have a job. Mr. Marquis had no authority to hire employees for Houston Contracting Co., although Mr. Lytel did have such authority.
Mr. Lytel' testified that all of his employees were laid off on completion of the section of pipeline from Hollandale to Eunice. On the completion of said job he told the men that a new job would be started in about three weeks, and that if he could use them and they wanted to go to work he would give them a job. At the time of the conversation in Eunice, Mr. Lytel had no knowledge where his next job would be.
After the telephone conversation between Mr. Marquis and petitioner, petitioner drove to New Albany, and after about a three-day wait went to work on the job. It is defendant’s contention that no job was promised or given petitioner in Louisiana, but that he was actually hired for the job after his arrival in Mississippi.
The conclusions of the Lower Court were as follows:
“I am firmly of the opinion that the weight of this testimony does not establish a definite contract of hiring in Louisiana, either at Eunice or through Marquis on the telephone. Plaintiff himself is not sure what his status was after the • contract was completed at Eunice, but he does admit that he knew he would have to be on the job site in person at New Albany to obtain employment there. If the testimony of-the plaintiff stood alone it would indicate that there was only o.ne hiring and that was at Greenville, Mississippi, after which he continued as an employee with short lay-off periods until he was injured in Tennessee. However, taking all of the evidence into consideration the conclusion is inescapable that the plaintiff was first employed at Greenville; that at the end of that job he was out of employment and was next employed at Hollandale, Mississippi; that at the end of that job at Eunice, Louisiana, he was out of employment until next employed on the job site at New Albany, Mississippi, which last employment continued until he was injured in the State of Tennessee.
“A contract of employment must be as definite and unequivocal in its consummation and terms as any other contract. That, condition cannot he said to have been satisfied in this instance until Lytel put the plaintiff to work at New Albany, Mississippi. Up to that time the most that Lytel had promised was that he would use the plaintiff on that job ‘if he could.’ The last act necessary to the meeting of the minds to complete the contract in case was performed at New Albany, Mis *662 sissippi, and that determines the loci contractus.”
The evidence indicates that the Lower Court was correct in its findings. Mr. Marquis testified that Mr. Lytel told him that he would use petitioner if he could. Mr. Lytel gave no indication to Mr. Marquis that petitioner would be assured of a job, nor did Mr. Lytel tell Mr. Marquis to call petitioner. Mr. Marquis only told Mr. Lytel that- petitioner had called and asked when the job would start in New Albany. Mr. Lytel replied, to Mr. Marquis, that it would start in a few days and that, if he could use petitioner, he, .would.. ■ . :
Petitioner cites Ohlhausen v. Sternberg Dredging Co., 218 La. 677, 50 So.2d 803, wherein the contract of employment was held to bé' a Louisiana contract, and, ‘therefore, under the provisions' of:the Louisiana Workmen’s Compensation Laws.- In' that case, the petitioner wrote defendant in Florida arid asked for his old job back. The defendant wrote, from Florida, to Louisiana, advising petitioner that if he went to Jacksonville, Florida, he could have his old job back. The Court held the contract to be a Louisiana contract as' plaintiff made an offer, defendant made a counter-offer, and plaintiff accepted it by boarding a train in Louisiana and going to Jacksonville, Florida. In that -case the petitioner was assured of a job when he arrived in Florida. Such was not the case here, as petitioner went to Mississippi merely in the hopes of getting a job.
We feel that the facts of the present case are more closely in line with the situation presented in Cobb v. International Paper Co., La.App., 76 So.2d 460, 462. In that case, the Court said:
•“The transaction relative to plaintiff’s employment occurred in Natchez, Mississippi, and his employment was not completed or accepted until he reported to defendant’s personnel office when and where he made formal application, gave the necessary data and executed the forms required as a prerequisite. Under the circumstances, the fact that plaintiff was notified by telephone conversation that a job was available for which he had previously in person while in Natchez, Mississippi, inquired about, did not- constitute a contract of employment.”
As we have found that the contract of employment was not a Louisiana contract, and it, is admitted that the accident occurred outside o,f the State of Louisiana, the Court's of this staté are without jurisdiction. The exceptions below were correctly maintained.
For the reasons assigned, the judgment of the Lower Court will be • affirmed; all costs of this appeal to be paid by petitioner.
Judgment affirmed.