Robert H. **KILBURN**, Appellant,

v.

**GRANDE CORPORATION** and **Traders & General Insurance Company,** Appellees.

No. 18666.

United States Court of Appeals
Fifth Circuit.

March 3, 1961.

Sherman F. Raphael, Roland J. Sternfels, New Orleans, La., for appellant.

Marcel Livaudais, Jr., New Orleans, La., for appellees.

Before TUTTLE, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

TUTTLE, Chief Judge.

Appellant brought suit under the Louisiana Workmen's Compensation Act, as amended, LSA–R.S. 23:1021 et seq., in the District Court for the Eastern District of Louisiana to collect medical benefits and compensation which he alleged was owing to him. The appellees denied liability and moved for summary judgment under Rule 56(b) and (c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The motion was granted by the District Court and appellant brought this appeal in forma pauperis.

The facts involved in this litigation are not in substantial dispute. They may be summarized as follows: In February of 1957 appellant was a resident of Texas, and The Grande Corporation was then, as now, a Delaware corporation with its principal place of business in Texas and doing business, among other places, in Louisiana. At that time appellant and Grande negotiated an oral agreement by which appellant was to accept employment in Louisiana as a truckdriver for Grande. Thereafter he traveled to Louisiana in a truck belonging to Grande and remained in that state except when temporarily called elsewhere as a result of his employment; he moved his family to Louisiana in June of 1957. While in Texas as a result of the orders of his employer to deliver and assist in unloading a rig, and while in the scope of his employment, appellant on June 11, 1959, suffered the injuries for which he now seeks compensation. He was then a resident and citizen of Louisiana and remained such until at least the time he brought this suit.

In the District Court and before this Court, the gist of the appellees' argument is based upon a contention that there is

here involved a Texas contract between Texas parties and a cause of action which arose from an accident which took place in Texas. This being the case, say the appellees, the fact that the employment contemplated under the contract took place in Louisiana does not entitle the appellant to the benefits of the Louisiana Workmen's Compensation Act, for his sole remedy is under the law of Texas. In support of this argument appellees rely most heavily upon Ohlhausen v. Sternberg Dredging Co., 218 La. 677, 50 So.2d 803, which, they say, precludes recovery for an injury sustained out-of-state when the contract of employment was entered into without the territorial limits of Louisiana. Appellees admit on their brief, as they did during the course of oral argument, that appellant would have come within the protection of the Louisiana Act had his contract of employment been a Louisiana contract, for, as was said in the Ohlhausen case, "Once it has been established that the contract of employment was entered into in Louisiana, a Louisiana court, which has jurisdiction ratione personae of the litigants, will give the Louisiana Compensation Statute extraterritorial effect, to cover injuries received in another state or in a foreign country." 50 So.2d 803, at page 804.

The appellant admits that the original arrangement for employment was made outside the state of Louisiana, but he argues that Louisiana law should apply because "It was the intent of the contracting parties that the employment was to be permanent and performed within the State of Louisiana", and "The facts are so exclusively tied up with Louisiana that the State has more than a casual interest to apply its compensation laws." Thus appellant would have this Court find that the contract in question was in effect a Louisiana contract, because it was the intent of the parties that it be so, regardless of the locus of its making.

While it is true that there is authority in Louisiana for the thesis that the intent of the parties to the contract of employment will govern its incidents,[1] we think

---

1. The following language gleaned from the opinion of the Court of Appeal of Louisiana in McKane v. New Amsterdam Casualty Co., 199 So. 175, at pages 181–183, a case cited with apparent approval in Ohlhausen v. Sternberg Dredging Co., supra, is particularly illuminating:

"It will be seen * * * that the judges of the Second Circuit Court of Appeal (Louisiana Court of Appeal) are of the opinion that the place where the contract of employment is made is not the sole factor to be considered in determining whether the doctrine of lex loci contractus should be applied. They express the view that, if the work is to be performed in another state and if the parties contemplate that the job will be of a permanent nature, then the law of the place of performance will govern. If, on the other hand, the work is of a temporary or transient nature, the law of the place where the contract was made will be applied.

"This court is not in discord with the views of the Second Circuit Court of Appeal. It is true that there are expressions * * * which, if taken literally, might convey the impression that it is our opinion that the Louisiana Compensation Law is applicable only to cases where the workman has been employed here in Louisiana. But those expressions should be considered in connection with the questions presented in those particular cases—namely, whether our Compensation Law will be given extraterritorial effect where the contract of employment has been entered into in Louisiana. The decisions merely set forth that a contract of hiring made in Louisiana is subject to the Compensation Laws of this State notwithstanding that the work under the contract is performed in a foreign state and the injury occurs in such State. We did not say that parties in Louisiana, in entering into a contract here for work to be performed in another State, could not provide, either expressly or tacitly, that the Compensation Law of the foreign State would govern in the event the employee is injured in the place where the work is to be done.

" * * * In Louisiana, the rule has been generally stated to be that the law of the place where the contract is to have effect determines the rights and obligations of the parties. * * *

"We think, however, that, with relation to the applicability of the Workmen's Compensation Law, the better rule

that this employment must come under the provisions of the Louisiana Workmen's Compensation Act because it squarely fits within the pattern of the Ohlhausen case. Accordingly, it is necessary for us to reverse the order of the District Court granting the appellees' motion for summary judgment.

■ We think it clear that at the time appellant was injured he was not working for The Grande Company under the same agreement which was negotiated by the parties in Texas over two years previously. Though neither party objects to calling the original verbal agreement a permanent employment contract, we can hardly see how that is an apt characterization, and that for several reasons.

■ In the first place, the agreement was not reduced to writing by the parties. While no questions are raised as to the possible application of the Statute of Frauds it is reasonable to suppose that had the parties contemplated the type of employment generally considered "permanent" they would have put the terms of the employment in the most definite form possible. Nor, it should be pointed out, was appellant's job—that of a truck-driver—of such a nature that a formal

contract would have been considered either appropriate or necessary. There simply was not an enforceable contract of employment for any period of time in existence when Kilburn moved to Louisiana.

Second, his salary was to be paid on an hourly basis, rather than on the more usual weekly, monthly or yearly basis of "permanent" type of employment. This in itself would tend to refute any argument that this was employment of a continuing nature; at best it would seem that what contract existed had life on a pay-period-to-pay-period basis, and that a new contract was impliedly made each time that appellant reported to work and was given work following a pay period.

Finally, and perhaps most importantly, the terms under which appellant was working at the time of his injury were not those under which he originally entered the employ of The Grande Company. This is so for the reason that at some time between February of 1957 and June of 1959 the salary of appellant increased from $1.10 per hour to $1.25 per hour. Since it is clear that appellant traveled to Louisiana almost immediately after having "contracted" to go to work for The Grande Company, it would follow that appellant received his raise or raises

is that the intention of the parties to the contract should be the determining factor. And, before resolving whether an employment contract is to be governed by the law of the place where it is made or by the law of the place where it is to be performed, the court should examine all the facts and circumstances of the case with reference to the nature of the work to be done, the place of performance, the domicile of the parties, etc.—all with a view of discovering the true intent of the parties. If, after investigation, it appears that the parties have indicated, either expressly or tacitly, that their rights and obligations should be governed by the laws of the place of performance, then the court should not hesitate to apply that law to the case."

We think that, but for our holding, appellant would be entitled to a hearing on the issue of intent in order to re-

cover under this language, and in this respect the fact that the Grande Company paid premiums to the Appellee insurer in compliance with Louisiana law should be given weight in determining the intent of the employer though the fact that some medical expenses and compensation was paid appellant by the insurer after the accident would not in Louisiana constitute an admission of liability. LSA–R.S. 23:1204. Of course, social reasons would favor a finding of coverage, for if compensation is denied appellant he could presumably become a charge on the public of Louisiana, that state having more than a casual interest in him as a resident and citizen. See Goodrich, Conflict of Laws (3rd Ed., 1949), § 100, p. 293. The modern trend in this area may well be represented by Cardillo v. Liberty Mutual Insurance Company, 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028.

in Louisiana. Thus was the original agreement modified and a new contract raised in Louisiana; this we think was itself sufficient to constitute such a Louisiana contract as would bring appellant within the announced requirements of the Ohlhausen decision, supra.

Accordingly it is necessary that the judgment of the District Court be reversed and the cause remanded for proceedings not inconsistent with this opinion.