CHASEZ, Judge.
Plaintiff instituted this action against Pittman Construction Company, Inc., and its insurer, Fidelity & Casualty Company of New York, to recover disability benefits for facial disfigurement and impairment of a physical function, under the Louisiana Compensation Act. A peremptory exception to the jurisdiction ratione materiae was filed in the court below and referred to the merits. After a trial on the merits, the exception was maintained and the plaintiff’s suit dismissed. From this judgment, plaintiff appeals.
The record indicates that plaintiff, an iron worker, was injured in Gulfport, Mississippi, when he fell from a steel beam on which he was working.
The plaintiff testified that he has lived in New Orleans all of his life and belongs to the Iron Workers’ Union, Local No. 58 of New Orleans. On the day of the accident, he reported to the Union Hall in New Orleans, Louisiana, where he was given a referral to the Pittman job in Gulf-port, Mississippi. He accepted the referral and reported to Gulfport that day. He received payment for mileage to Gulfport.. Upon arriving in Gulfport, the foreman, gave him instructions which he proceeded to carry out. While climbing on the structure under construction, a gust of wind blew him off and he fell to the ground, sustaining injuries.
*143 Mr. Albert E. Pittman, secretary-treasurer of defendant corporation, testified that the corporation was incorporated under the laws of Delaware and authorized to do business in Louisiana, Alabama and Mississippi. Its main office is in New Orleans but it also maintains offices in Baton Rouge, Louisiana, and Gulfport, Mississippi. He stated that when the construction in Gulf-port called for a certain type of worker the superintendent would contact the New Orleans Union (which has jurisdiction over the Gulfport area) which would in turn send to the site the requested men. The Union would send a representative to the job site to inquire as to what workers were needed or the Pittman superintendent would call the Union Representative while in New Orleans and tell him what workers would be required. Mr. Pittman further testified that he could either accept or reject the men referred to the job by the Union.
Edward G. Rankin, financial secretary and treasurer of Local Union No. 58 also testified. In the instant case, he stated that the business manager took the order for the workers and referred it to him. He did not know whether the order was given in Mississippi or in Louisiana. He stated that the wages paid to plaintiff were set by the New Orleans master agreement between the Union and the contractors; that payments were made to the welfare fund by the employer according to the agreement, and that members were paid travel time from New Orleans (regardless of their domicile) according to the agreement.
The plaintiff introduced into evidence the master agreement between the Associated General Contractors and the New Orleans A.F.L.-C.I.O. In this agreement there is set up a system of referrals of men to the employer for employment. The employer contacts the Union and the Union in turn refers applicants to the employer for work. In Article XIII (3) it is stated: “The Employer shall have the right to reject any applicant referred by the Local Union”.
The trial court held that since • the' injury did not occur in Louisiana and since, as a matter of fact, the employment contract was not made in Louisiana, the courts of this state lack jurisdiction over the sub-. ject matter. The plaintiff in this appeal-argues that the contract was made in Louisiana and that the state has a legitimate interest in applying its Workmen’s Compensation Law; and in the alternative that where the Louisiana court has jurisdiction over the person óf all parties, the court may apply, if applicable, the Compensation Law of Mississippi.
The law of Louisiana is to the effect that recovery cannot be granted under the Louisiana Workmen’s Compensation Act where the contract of employment was not entered into in this state and where the accident did not occur in this state. Cobb v. International Paper Company, 76 So.2d 460 (La.App.1954); Reed v. Zurich General Accident & Liability Ins. Co., 83 So.2d 660 (La.App.1955). Where the, accident is sustained in this state and the employment contract is made outside of the state, jurisdiction over the subject-matter may be maintained. Johnson v. El Dorado Creosoting Co., 71 So.2d 613 (La.App.1954). It is well settled that where the con- _ tract of hiring is made in Louisiana but. the. injury occurs elsewhere,- this state has a legitimate interest and may entertain -ju- , risdiction over the subject matter and apply its compensation statute. Ohlhausen v. Sternberg Dredging Co., 218 La. 677, 50 So.2d 803 (1951); Selser v. Bragmans Bluff Lumber Co., 146 So. 690 (La.App.1933); McKane v. New Amsterdam Casualty Co., 199 So. 175 (La.App.1941); Williams v. Travelers Ins. Co. of Hartford, Conn., 19 So.2d 586 (La.App.1944). However, where neither the contract is made nor the accident occurs in this state we have found no cases which allow Louisiana courts to apply its compensation statute. Since the accident did not occur in this state, we must hold that the Louisiana Compensation Law is inapplicable if the contract was not made in Louisiana. ,
*144 From the record we are convinced that the trial court was correct when it concluded that the contract of hiring was made in Gulfport when the plaintiff reported to the job site. The master agreement under which plaintiff received his referral to the job clearly gives the employer the right to hire or reject the employee when he presented himself on the site. The agreement clearly refers to members who are referred as applicants. Mr. Pittman testified that he had the right to hire or not hire any man who was referred through the Union. The job herein was of a temporary nature and there was no prior agreement between Pittman Construction Company and the plaintiff. He was clearly hired for the Gulfport job alone. Plaintiff argues that he had a contract of employment when he accepted the referral at Union Hall in New Orleans. This position is not sound for the master agreement and facts which were revealed at the trial clearly indicate that the Union merely furnished applicants to the contractor. There was no agreement until plaintiff arrived in Gulfport at the job site and began to work. We, therefore, conclude that the plaintiff’s contract of employment was consummated in Gulfport, Mississippi. Since the contract was not entered into in Louisiana but in Mississippi and the employment and accident occurred in Mississippi, the courts of Louisiaria do not have jurisdiction rations ■materias.
In the alternative plaintiff .prays that. we apply the Workmen’s Compensation Law of Mississippi. -However, the Mississippi Compensation Law is so coupled with 'administrative procedure that a Louisiana court cannot fairly hear and determine a compensation case governed by Mississippi law. Louisiana courts, therefore, do not entertain actions where application of the Mississippi Compensation Act is called for. Woodham v. Travelers Insurance Company, 161 So.2d 368 (La.App.1964). Writs. denied 246 La. 88, 163 So.2d 360 (1964).
We are of the opinion that since Louisiana courts lack jurisdiction rations matsrias and the courts of Louisiana cannot adjudicate a claim under the Mississippi Workmen’s Compensation Law, that the trial court was correct in dismissing plaintiff’s demand on the peremptory exception to the jurisdiction.
The judgment of the trial court is, therefore, affirmed at plaintiff’s cost.
Affirmed.