225 So.2d 623 (1969)
Patricia WELCH, Plaintiff-Appellee,
v.
The TRAVELERS INSURANCE COMPANY, Defendants-Appellants.
No. 7731.
Court of Appeal of Louisiana, First Circuit.
July 2, 1969.
Rehearing Denied August 28, 1969.
*624 Taylor, Porter, Brooks, Fuller & Phillips, by William A. Norfolk, Baton Rouge, for appellant.
Cecil N. Bankston, Baton Rouge, for appellee.
Before LANDRY, SARTAIN and MARCUS, JJ.
SARTAIN, Judge.
This is a workmen's compensation case which involves an employee of Associated Pipeline Contractors, Inc. (Associated) who died as a result of an automobile accident which occurred in the State of Arkansas. Plaintiff, decedent's wife, individually and on behalf of her four minor children, seeks maximum benefits, medical and funeral expenses, occasioned by the death of her husband and the children's father, Raymond L. Welch. Judgment in the trial court was rendered against Associated and its workmen's compensation insurer from which judgment said defendants appeal.
The legal status of the widow, the children, the automobile accident, and the resulting death of Welch are not in dispute. What is in dispute are the questions of (1) whether or not the contract of employment between Associated and Welch was made in Louisiana so as to vest the courts of this state with jurisdiction and (2) whether or not at the time of the automobile accident, Mr. Welch was acting within the course and scope of his employment. For reasons hereinafter stated we are of the opinion that the resolution of these two issues by the trial judge against the defendants is proper and that the judgment of the district court should be affirmed.
Associated is in the business of constructing pipelines and at the time of Welch's death was engaged in a project which required work in Louisiana, Mississippi and Arkansas. Decedent had on previous occasions worked for this company. Several months before his last employment Welch was told by Mr. Samuel Parrish, a foreman for defendant, that when and if the occasion arose and employment became available for decedent, he, Parrish, would call for him. There was no definite understanding as to when this call would come or any definite commitment on the part of Welch that he accept when called. However, around July 1, 1967, Mr. Parrish had defendant's office manager call Welch at his home in Baton Rouge to advise decedent that work was available and to ask if he could come. Decedent stated that he would and left the next day for Clarksdale, Mississippi to join Associated at his construction site. When the company's work in Mississippi was completed the equipment and personnel were then moved to a new job site near Eudora, Arkansas.
Mr. Welch was fatally injured at about 5:20 P.M. o'clock on September 14, 1967 as he was traveling north on U. S. Highway 65, when he was going from the job site to his motel room at Lake Village, Arkansas.
*625 Defendants initially filed a declinatory exception contending that both plaintiff's contract of employment and his fatal injury occurred outside of the State of Louisiana and that the district court was without jurisdiction to hear the matter. This exception was properly overruled by the trial judge.
In Williams v. Travelers Insurance Company of Hartford, Conn., 19 So.2d 586 (1st La.App., writs refused, 1945) this court had occasion to determine whether or not a particular contract of employment was entered into in Louisiana, notwithstanding the fact that final arrangements were made in South Carolina and the employee was killed in Illinois. In Williams, it was determined that the intention of the parties, as clarified by the existing circumstances, clearly evidenced the fact that the parties consummated the contract in Louisiana. Cited therein was 17 C.J.S. Contracts § 356, page 813 which states "* * * As a rule, * * * a contract is considered as entered into at the place where the offer is accepted, or where the last act necessary to a meeting of the minds or to complete the contract is performed". In McKane v. New Amsterdam Casualty Co., La.App., 199 So. 175, the court stated, "* * * With relation to the applicability of the workmen's compensation law the better rule is that the intention of the parties to the contract should be the determining factor".
In the case at bar the record is very clear that Mr. Welch was called at his home in Baton Rouge from Clarksdale, Mississippi and asked if he was available and could he come to work for Associated. He accepted this offer of employment in Baton Rouge and left the next morning for Mississippi. Accordingly, in the absence of any facts to the contrary, it is clear that the contract of employment was consummated in Louisiana and L.R.S. 23:1021 et seq., can and must be given extra-territorial effect. See Selser v. Bragmans Bluff Lumber Co., La.App., 146 So. 690; McKane v. New Amsterdam Casualty Co., supra, and Hunt v. Magnolia Petroleum Company, La.App., 10 So.2d 109; and Ohlhausen v. Sternberg Dredging Co., 218 La. 677, 50 So.2d 803 (1951).
The second contention of defendants is that at the time of Mr. Welch's demise he was not acting within the course and scope of his employment. The intrinsic facts upon which this argument is premised are as follows: When Mr. Welch reported to Associated at Clarksdale, Mississippi, he was individually hired at a wage of $4.00 per hour but his vehicle was also "put on the payroll" and Mr. Welch received the additional sum of $3.00 per day plus $3.50 per week for maintenance plus oil and gas. It was the company's policy to transport employees from a centrally located warehouse to the job site. Mr. Welch was to drive his vehicle from his temporary abode to the warehouse in the mornings, pick up persons desiring transportation to the job site, and then return the employees to the warehouse at the end of the work day.
When the job was moved to Arkansas, Mr. Welch stayed at a motel in Lake Village, Arkansas which is ten miles or so north of Eudora, Arkansas. The company maintained its warehouse in Eudora. The job site at this time was located between Mr. Welch's motel in Lake Village and the warehouse in Eudora. In the mornings, it was therefore necessary for Welch to proceed from his motel, pass the road where the job site was located, continue on to the warehouse in Eudora, pick up other employees, and then proceed back north to the job site road, turn right and then continue on to the job site. On the day of the accident, he received permission from his foreman and left a few minutes early. He was alone. As he reached U. S. Highway 65, he turned right and was proceeding in a northerly direction towards his motel when the accident occurred. Evidence in the record indicates that it was Mr. Welch's intention to return to Baton Rouge that afternoon for the purpose of purchasing a new pick-up *626 truck. Undoubtedly he was on his way to his motel room prior to commencing his trip to Baton Rouge. The fact that he was alone is not unusual because he did not always have evening passengers.
Under these facts the trial judge rightly held that Mr. Welch was acting within the course and scope of his employment because he had the right under his agreement with his employer to return with his vehicle each day after work to his motel room. The trial judge found as a matter of fact that Mr. Welch had not commenced his trip to Baton Rouge. There is nothing in the record to support any other conclusion.
Counsel for defendants contend that inasmuch as Mr. Welch had left his work earlier than usual, he had deviated from the scope of his employment and his death is not compensable.
The general rule is that an employee is not acting within the scope and course of his employment when he is injured while going to or from work. Vincent v. Service Contracting, Inc., La.App., 108 So.2d 281. However, the exception to this rule is as stated by Professor Wex J. Malone in his Louisiana Workmen's Compensation Law and Practice, Chapter 8, § 173, page 206. It is there stated that where an employee is being transported to or from work by the employer as an incident of employment, the employee is covered if an accident occurs during transportation. The distinction to be made as to whether or not an employee is or is not on his master's business and therefore covered by the act while going to or from work is whether or not the furnishing of transportation is a concomitant to the act of employment.
In the recent case of Gardner v. Industrial Indemnity Co., 212 So.2d 452 (1st La.App., 1968) Judge Landry speaking for this court reviewed in detail the general rule respecting the obligations of an employer under the workmen's compensation law of Louisiana while the employee is traveling to or from work. In the Gardner case, it was determined that the payment of $1.00 per day travel allowance was not an incident to or a concomitant of the contract of employment but was an added inducement to obtain employees because of a labor shortage.
In Shird v. Maricle, 156 So.2d 476 (3d La.App.), Judge Tate very aptly stated that the obligations of employment can under certain conditions "reach out beyond the work-premises and compel the employee to submit to the hazard of travel", which hazard the employee would otherwise have the option of avoiding. See Willis v. Cloud, 151 So.2d 379 (3d La.App., 1963, writs denied, 244 La. 623, 153 So.2d 415) for additional discussion on this subject and the citation of appropriate authorities.
The trial judge stated that it was Mr. Welch's duty to take his vehicle to the warehouse in the morning for use in the furtherance of his employer's business. To say that Mr. Welch did not have the right to or was not acting within the course and scope of his employment when he was returning his vehicle to his motel after work would indeed place a highly technical and arbitrary limit on the scope of the employment of the employee as it relates to the use of the latter's vehicle.
The last remaining issue is whether or not the defendants should be cast for statutory penalties, interest and attorney's fees as provided for in L.R.S. 23.1201.2. The trial judge did not find that defendant's refusal to pay compensation under the particular facts of this case was arbitrary and capricious and he therefore refused plaintiff's prayer for penalties and attorney's fees. Our review of this case leads us to the same conclusion as the trial judge.
Accordingly, for the above and foregoing reasons the judgment of the district court is affirmed at appellants' costs.
Affirmed.