342 So.2d 279 (1977)
Elrick J. CASTILLE, Plaintiff-Appellant,
v.
Donald SIBILLE et al., Defendants-Appellees.
No. 5778.
Court of Appeal of Louisiana, Third Circuit.
January 31, 1977.
Rehearing Denied March 2, 1977.
*280 C. Kenneth Deshotel, Opelousas, for plaintiff-appellant.
Allen, Gooch & Bourgeois, by Paul J. Breaux, Lafayette, for defendants-appellees.
Before DOMENGEAUX, WATSON and FORET, JJ.
FORET, Judge.
This is a workmen's compensation suit which was filed in the Twenty-Seventh Judicial District Court, St. Landry Parish, in which Elrick J. Castille sought compensation from Donald Sibille and Jerry Sibille for injuries he sustained as a result of a motor vehicular accident at the intersection of U.S. Highway 167 and the Sunset-Grand Couteau Highway on Friday, November 22, 1974. Judgment was rendered in favor of defendants. From such judgment, plaintiff perfected this devolutive appeal.
Plaintiff Castille was a carpenter employed by Sunset Fixture Works, owned and operated by defendants, Donald Sibille and Jerry Sibille. In the morning of November 22, 1974, Castille had worked for defendants at Opelousas General Hospital. In the early part of the afternoon, he returned to defendants' shop in Sunset. There he was told by defendant Donald Sibille and James Stelly, an employee of defendants, that there was no more work for him to do and Castille was paid for the hours that he had worked that week. Castille stated that he would "just knock off for the day" and go home. Castille testified that after he left the shop and while on his way home he had decided to return to Opelousas General Hospital to continue working. While operating his motor vehicle upon the highway, Castille was involved in the accident about which this suit was brought.
Prerequisite to an award of workmen's compensation are three factual findings: That a contract of employment existed as between plaintiff and defendant; that plaintiff was engaged in a hazardous occupation; and that plaintiff was injured while in the course and scope of his employment. LSA-R.S. 23:1031; R.S. 23:1035. In this case, defendants readily concede the first two elements of plaintiff's workmen's compensation cause of action. At issue is the third element necessary for an award of workmen's compensation, that is, whether or not plaintiff, while operating his own motor vehicle, was in the course and scope of his employment.
Normally, an employee injured while in transit to and from the jobsite is not within the course and scope of his employment and is thus not entitled to workmen's compensation from his employer for injuries sustained at such time. To such general *281 rule, however, there are exceptions. The courts have held employees entitled to workmen's compensation in those cases in which the employer had concerned himself with the transportation of his employeeshe has furnished transportation (Griffin v. Catherine Sugar Co., 219 La. 846, 54 So.2d 121 (1951); Jackson v. Long, 289 So.2d 205 (La.App. 4 Cir. 1974); Gardner v. Industrial Indemnity Co., 212 So.2d 452 (La.App. 1 Cir. 1968); Callihan v. Firemen's Fund Indemnity Co., 110 So.2d 758 (La.App. 1959); and/or the employee is furnished travel expenses or is paid wages for time spent in traveling (Jackson v. Long, supra; Pierre v. Gulf Janitorial Service of Baton Rouge, 277 So.2d 509 (La.App. 1 Cir. 1973), writ denied 279 So.2d 689; Welch v. Travelers Inc. Co., 225 So.2d 623 (La.App. 1 Cir. 1969), writ refused 254 La. 852, 227 So.2d 594; Gardner v. Industrial Indemnity Co., supra)and in those cases in which the operation of the motor vehicle was the performance of one of the duties of the employment of plaintiff (Stephens v. Justiss-Mears Oil Co., La., 312 So.2d 293 (1975); Jackson v. Long, supra; Fabre v. Travelers Ins. Co., 286 So.2d 459 (La.App. 1 Cir. 1973), writ denied, La., 288 So.2d 646; Pierre v. Gulf Janitorial Service of Baton Rouge, supra; Keller v. Wallace Industrial Constructors, 224 So.2d 31 (La.App. 1 Cir. 1969), writ refused 254 La. 782, 226 So.2d 771).
In the record of this case, it is conceded by plaintiff that defendants did not furnish him with a vehicle. However, therein lies inconsistent testimony as to the terms of employment of Castille: Castille states that he was hired to work a five-day, forty-hour week (P-1, pg. 15; Tr., pg. 20); defendants say that Castille was to report to the shop in Sunset five days a week, but was to be employed only on those jobs available, and plaintiff was to be paid by the hour (Tr., pg. 9, 58). Nowhere within the record is testimony to the effect that Castille used his vehicle in the performance of the duties of his contract of employment.
The trial court correctly relied on the case of DeVille v. Employers Liability Assurance Company, La.App., 192 So.2d 661, by denying compensation benefits where the plaintiff could not show that he was performing any service for his employer at the time of the accident.
Thus, unless the trial court was of the opinion that plaintiff worked a five-day, forty-hour week, such that he was paid wages for times spent in travel, Castille would not be entitled to an award of workmen's compensation. The trial court did not find such to be the case, and we find no error in its conclusion. Hue v. Blanchard, 337 So.2d 1218 (La.App. 1 Cir. 1976).
AFFIRMED.