387 So.2d 1340 (1980)
Edgar W. JOHNSON
v.
AETNA CASUALTY & SURETY CO. et al.
Jessie Mae JOHNSON
v.
AETNA CASUALTY & SURETY CO. et al.
Nos. 13403, 13404.
Court of Appeal of Louisiana, First Circuit.
July 7, 1980.
Rehearing Denied September 4, 1980.
*1341 L. B. Ponder, Jr., Amite, for plaintiff.
Iddo Pittman, Jr., Hammond, for defendants, Aetna Casualty and Surety Co. and Triangle Timber Co.
Charles M. Hughes, Bogalusa, for defendant, Crown Zellerbach Corp.
Before EDWARDS, LEAR and WATKINS, JJ.
WATKINS, Judge.
These are consolidated workmen's compensation cases brought by Edgar W. Johnson, husband, and Jessie Mae Johnson, wife, to recover benefits for alleged total and permanent disability resulting from a motor vehicle collision which took place July 10, 1978, while driving from work.
The trial court rendered judgment for defendants who were Triangle Timber Co., Inc., Aetna Casualty & Surety Co., its insurer, and Crown-Zellerbach Corp. We reverse.
This case arose from an automobile accident between a pickup truck driven by Mr. Johnson in which his wife, two sons who were employees and a fifth person who was an observer, were traveling from a timber location near Hammond, Louisiana, to Mr. Johnson's home 12 miles east of Osyka, Mississippi. They were hit head on by a car which was passing a vehicle heading toward them on Morris Road. The defense of Aetna & Triangle is that the accident did not occur in the course and scope of Johnson's employment.
It appears from the facts that Mr. Johnson had two trucks, a pickup truck in which he traveled to and from work and in which he carried his employees and his equipment, including chain saws, gasoline tanks and the like, and a pulpwood truck on which he loaded the timber that he cut. He was a subcontractor for Triangle, which generally cut timber on Crown-Zellerbach land. His wife was allegedly employed by him and, although it is contended that a contract of employment could not have been entered into between them, under the new matrimonial regimes law such a contract is possible.[1] Even if the matrimonial regimes law is inapplicable as it was not in effect on the date of the accident, still the venture was a community venture, and Mrs. Johnson is a co-subcontractor.
The accident occurred while Mr. Johnson was returning home from work. He controlled the route that he took, the hours that he worked, his employees, the location that he worked in general, the place that he lived, and all other activities connected with his work. He and his employees and the observer drove to a filling station where the pulpwood truck was left, as was customary. It was after 5:00 in the afternoon and, therefore, they did not drive the pulpwood truck to the weighing station, which closed at 5:00. Another reason for not leaving the pulpwood truck at the weighing station was that Mr. Johnson stated that frequently truck equipment such as batteries and so forth were stolen from the pulpwood truck at the weighing station overnight.
In Castille v. Sibille, 342 So.2d 279 (La.App. 3rd Cir. 1977) it was held that an accident which occurs to a workman going to or from does not take place in the course *1342 and scope of his employment and, therefore, it is not subject to compensation benefits. There are exceptions to this rule which are found set out in Castille as follows:
"Normally, an employee injured while in transit to and from the jobsite is not within the course and scope of his employment and is thus not entitled to workmen's compensation from his employer for injuries sustained at such time. To such general rule, however, there are exceptions. The courts have held employees entitled to workmen's compensation in those cases in which the employer had concerned himself with the transportation of his employees-he has furnished transportation (Griffin v. Catherine Sugar Co., 219 La. 846, 54 So.2d 121 (1951); Jackson v. Long, 289 So.2d 205 (La.App. 4 Cir. 1974); Gardner v. Industrial Indemnity Co., 212 So.2d 452 (La.App. 1 Cir. 1968); Callihan v. Firemen's Fund Indemnity Co., 110 So.2d 758 (La.App.1959); and/or the employee is furnished travel expenses or is paid wages for time spent in traveling (Jackson v. Long, supra; Pierre v. Gulf Janitorial Service of Baton Rouge, 277 So.2d 509 (La.App. 1 Cir. 1973), writ denied 279 So.2d 689; Welch v. Travelers Ins. Co., 225 So.2d 623 (La. App. 1 Cir. 1969), writ refused 254 La. 852, 277 So.2d 594; Gardner v. Industrial Indemnity Co., supra)-and in those cases in which the operation of the motor vehicle was the performance of one of the duties of the employment of plaintiff (Stephens v. Justiss-Mears Oil Co., La., 312 So.2d 293 (1975); Jackson v. Long, supra; Fabre v. Travelers Ins. Co., 286 So.2d 459 (La.App. 1 Cir. 1973), writ denied, La., 288 So.2d 646; Pierre v. Gulf Janitorial Service of Baton Rouge, supra; Keller v. Wallace Industrial Constructors, 224 So.2d 31 (La.App. 1 Cir. 1969), writ refused 254 La. 782, 226 So.2d 771)." (342 So.2d 279, 280, 281)
An additional exception is found to this rule in the threshold doctrine, which is discussed in Malone's Treatise on Workmen's Compensation, Sec. 172. However, in order for the threshold rule to apply, it is necessary that the hazard be one to which the employee is regularly exposed in the course of his employment and, second, that the accident occur immediately adjacent to the premises on which the worker is employed. Neither of these conditions is found in the present case. An additional exception to the rule is found in Willis v. Cloud, 151 So.2d 379 (La.App. 3rd Cir. 1963), writ refused, 244 La. 623, 153 So.2d 415 (1963). In that case, a worker transported both his fellow workers, his equipment and timber in one truck. The accident occurred while the worker was on his way home from work. It was held the Workmen's Compensation Statute afforded benefits as the accident occurred in the course and scope of the worker's employment for the reason that the truck was an instrument of the worker's trade. In Willis the Court states its reasoning as follows:
"In the instant case, the deceased employee's duties were such as to require him to furnish his own means of transportation in the actual performance of his work. He used his own truck not only to go back and forth to his work, but also to perform his duties during the course of a day's work. Thus, in effect, the deceased employee's truck was an instrument or tool of his trade." (151 So.2d 379, 381)
We hold that, similarly, the pickup truck in which plaintiffs-appellants were going home was an instrument or tool of their trade. They transported their tools and supplies in it and used it to perform their duties during the day's work as well as to transport employees. It is drawing an unduly fine line of distinction to say that appellants would have been protected by workmen's compensation had they been in the larger pulpwood truck but that they were not protected merely because they were in the pickup truck.
The Workmen's Compensation Statute applies to an employee who "receives personal injury by accident arising *1343 out of and in the course of his employment." LSA-R.S. 23:1031. All provisions of the Workmen's Compensation Statute are to be liberally construed in favor of claimants. Graver v. Zeeman Enterprises, Inc., 362 So.2d 1228 (La.App. 4th Cir. 1978). To construe the Statute not to apply to the claimants in the present case on the narrow reasoning that had they driven in one truck, they would have been covered, but since they drove in another, they were not, would be to give the Workmen's Compensation Statute a harsh and illiberal construction, and to violate the traditional view of the Statute. We, therefore, hold that the accident arose in the course and scope of claimants' employment. The Johnsons were independent (sub)contractors spending a substantial part of their work time in manual work, and are thus covered. LSA-R.S. 23:1021(6); Dupuy v. Parish Contractors, Inc., 275 So.2d 872 (La.App. 4th Cir. 1973).
Mr. Johnson is quite clearly totally and permanently disabled. Although Mrs. Johnson seeks benefits for total and permanent disability, she testified that she was disabled and unable to work for only about four months, or sixteen weeks. She testified that she is seeking $130.00 per week. The testimony as to what the claimants were earning at the time of the accident is inadequate.
As there was a legitimate question as to whether or not the accident occurred in the course and scope of employment which could only be resolved judicially, we deny penalty and attorney's fees.
Accordingly, we hold that Edgar W. Johnson is entitled to benefits, for total and permanent disability, from Triangle and Aetna and Jessie Mae Johnson is entitled to compensation benefits for sixteen weeks from those parties. The matter is remanded to the trial court for a determination of the precise amount of benefits in each case, to be determined in a manner consistent with our present holding. Crown-Zellerbach is released as a party defendant.
REVERSED AND REMANDED.
NOTES
[1] See amendment to LSA-C.C. art. 1790 enacted by Act No. 627 of 1978, Sec. 3, which took effect September 7, 1979, and which removes the total incapacity to contract between husband and wife.