399 So.2d 1229 (1981)
Jackie O. PROTHRO, Plaintiff-Appellee,
v.
LOUISIANA PAVING COMPANY, INC., et al., Defendants-Appellants.
No. 8057.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
Mayer, Smith & Roberts, Paul R. Mayer, Shreveport, for defendants-appellants.
Charles W. Seaman, Natchitoches, for plaintiff-appellee.
Before GUIDRY, FORET and CUTRER, JJ.
CUTRER, Judge.
In this workmen's compensation case, the plaintiff, Jackie Prothro, sued defendants, Louisiana Paving Company, Inc. (Louisiana Paving), T. L. James, Inc.,[1] and their insurer, Highlands Insurance Company (Highlands), claiming total and permanent disability resulting from injuries he received in a one-vehicle accident which occurred while he was returning to his home in Natchitoches from the job in Leesville. The trial court *1230 granted judgment in favor of the plaintiff and against Louisiana Paving for total disability benefits and all necessary medical services resulting from the accident. Louisiana Paving and Highlands have appealed. We affirm.
The sole issue raised on appeal is whether the plaintiff was in the course of his employment at the time of the accident.
The trial court, in a well reasoned opinion, set forth the facts and correctly disposed of the issue before us. We adopt those reasons as our own, as follows:
"The evidence reflects the following facts: On April 28, 1978, plaintiff was an employee of the Louisiana Paving Company as a mechanic. His job was to maintain and care for the diesel equipment of his employer. His rate of pay was $5.28 per hour. Plaintiff supplied his own ¾ ton pickup and the employer paid plaintiff $100.00 per month for plaintiff's use of same plus minor repairs. On this truck, plaintiff carried his own tools plus some special tools furnished by employer. The work on April 28, 1978, for plaintiff was to place certain water trucks and pumps in `ready' condition. Plaintiff on this date traveled from his residence in Natchitoches to Winnsboro and from there followed two water trucks that were being driven to Leesville. The group left Winnsboro about 8:30 o'clock A.M. and arrived at Leesville about 2:15 o'clock P.M. the same day. Plaintiff's immediate superior was John Edward Garrett, Field Supervisor for Louisiana Paving Company, who accompanied the group in his own vehicle to Leesville.
"Soon after the group arrived at Leesville, Mr. Garrett authorized plaintiff and the two truck drivers to go to lunch. About 3:00 o'clock P.M. Mr. Garrett received a phone call at the employer's local office that plaintiff and the two truck drivers (both of whom were females) were having lunch at the Continental Restaurant in Leesville and requested Garrett to join them for a steak dinner. Garrett went to the restaurant. Before arrival he planned to have plaintiff to drive his vehicle and return the two truck drivers to their homes. On arrival at the restaurant Garrett found that plaintiff had drank two beers and then changed his mind and decided to take the two drivers himself. Garrett advised all of the parties they were given credit of employment until 4:00 P.M. that day. Garrett and the two other employees left plaintiff at the restaurant.

"The next information given this Court was that of State Trooper Gilcrease. He stated he received a call at 5:15 P.M. of a one car accident on the highway about 4½ miles north of Leesville. He stated the evidence at the scene showed a one car accident in which plaintiff as driver lost control of the pickup truck which had overturned and plaintiff had been thrown out and had suffered severe injuries. The Trooper stated he found no alcoholic beverages involved and that no test was made on plaintiff due to his injuries.[2]
"The remaining question for this Court is: `Did the injuries suffered by Jackie O. Prothro occur within the course and scope of his employment?' For the reasons hereafter stated the court answers this question in the affirmative.
"The general rule is an employee injured going to or returning from work is not entitled to compensation. This general rule is, however, subject to certain well recognized and established exceptions. One such exception to the above rule which permits recovery of compensation is when the employee is being transported to and from work by means of transportation furnished or supplied by the employer as an integral part of the contract of employment.

"In this case employer paid plaintiff the sum of $100.00 per month for the use of his truck plus minor repairs. This was an integral part of the contract of employment. This agreement provided the plaintiff with the mobility he was required to have by his employment and to carry his tools plus the special tools furnished *1231 him by the employer. In this contract of employment the employer had assumed an interest in the transportation of plaintiff to and from work to the various job sites and because it served some useful purpose of the employer other than simply having plaintiff on the job. In such an employment agreement the employee-employer relationship is no longer confined to the job premises and extends to travel to and from home. See: Boutte v. Mudd Separators, Inc., 236 So. (2d) 906 (3rd Cir., 1970). Writ denied [256 La. 894] 240 So. (2d) 231 (SC, 1970).

"The plaintiff had been given credit by Mr. Garrett for time until 4:00 P.M. He departed soon thereafter from Leesville en route to his home in Natchitoches. The injuries to plaintiff occurred during this proposed trip. It is clear that this trip was in both the interest of plaintiff and his employer. Mr. Garrett actually called the day following the accident to determine the whereabouts of plaintiff for work that day. It was then Garrett learned of plaintiff's accident.
"Obviously the trip was not at an unusual time. There was only a few minutes after Mr. Garrett left plaintiff that plaintiff began his ill-fated trip to go home. The accident report to the trooper was received at 5:15 P.M. which indicates it would have been several minutes after discovery of the accident that Trooper Gilcrease was told of same. This Court would from the evidence reason that the accident occurred just prior to 5:00 P.M. It is certainly not an unusual time for plaintiff to have been traveling to his home from the Leesville area.
"This Court is of the opinion that plaintiff's claim for workmen's compensation benefits falls within the above exception and that he is entitled to benefits provided by the Louisiana Workmen's Compensation Statutes."
Defendants urge on appeal that the plaintiff's duties for the day were terminated by Garrett at 4:00 P.M. for a violation of a company policy. Defendants contend that a result of this termination of duties, the accident occurring approximately one hour later, did not occur in the course of plaintiff's employment. This position is without merit.
Garrett did not discharge the plaintiff from his employment. He merely terminated plaintiff's duties for the day at 4:00 P.M. Garrett manifested no intention to terminate any responsibility which the company may have had regarding plaintiff's transportation to and from his job, arising out of their agreement to provide gas, maintenance and monthly rental for plaintiff's truck. He only relieved the plaintiff of the additional job of transporting his co-workers for which purpose he would have remained on company time.
The plaintiff was clearly in the course of his employment as he was driving the truck from Leesville to Natchitoches, Louisiana.
For these reasons the decision of the trial court is affirmed. The costs of this appeal are assessed to defendants-appellants.
AFFIRMED.
NOTES
[1] T. L. James, Inc. is apparently the parent company of Louisiana Paving. The trial court, in its reasons for judgment, found that Louisiana Paving was the actual employer of plaintiff. No dismissal of T. L. James, Inc. was included in the trial court judgment, however. Only Louisiana Paving and its insurer were cast in judgment.
[2] The defense of intoxication has not been raised by defendants.