437 So.2d 956 (1983)
Jimmie W. GREEN, Plaintiff-Appellant,
v.
Evelyn TURNER, et al., Defendants-Appellees.
John C. LEE, Plaintiff-Appellant,
v.
Evelyn TURNER, et al., Defendants-Appellees.
Nos. 15555-CA, 15556-CA.
Court of Appeal of Louisiana, Second Circuit.
August 15, 1983.
Campbell, Campbell & Johnson by James M. Johnson, Minden, for plaintiff-appellant, Jimmie W. Green.
*957 Drew, White, Drew & Drew by Harmon Drew, Jr., Minden, for plaintiff-appellant, John C. Lee.
Wilkinson & Carmody by Bobby S. Gilliam, Shreveport, for defendants-appellees, Evelyn Turner and The Western Cas. and Surety Co.
Jerry H. Bankston, Baton Rouge, for defendant-appellee, Department of Health & Human Resources.
Before JASPER E. JONES, FRED W. JONES, Jr. and NORRIS, JJ.
NORRIS, Judge.
In these two consolidated suits for personal injuries sustained in an automobile accident, plaintiffs appeal the granting of motions for summary judgment and the sustaining of exceptions of no cause or right of action. We affirm.
The facts giving rise to these lawsuits are undisputed. On December 8, 1980, John C. Lee was the driver of a truck owned by the State of Louisiana and Jimmie W. Green was his passenger. At all pertinent times, Green and Lee were acting within the course and scope of their employment with the Louisiana Department of Transportation and Development. During a heavy rainstorm, Lee parked the truck on the right shoulder of the highway on which Evelyn Turner was proceeding in her personal vehicle. Mrs. Turner's vehicle skidded into the truck occupied by both plaintiffs causing them to sustain personal injuries. At the time of the collision, Mrs. Turner was acting in the course and scope of her employment with the Louisiana Department of Health and Human Resources.
Although both plaintiffs received worker's compensation benefits, both sued Mrs. Turner; her employer, the State of Louisiana through the Department of Health and Human Resources; and her personal insurer, Western Casualty and Surety Company. The State filed a peremptory exception of no cause or right of action and a motion for summary judgment in both suits contending that under the provisions of La.R.S. 23:1032 and 1034 plaintiffs' exclusive remedy against the state is for worker's compensation benefits. Mrs. Turner and Western filed a motion for summary judgment contending that because Mrs. Turner was a co-employee of Green and Lee, plaintiffs' exclusive remedy was in worker's compensation thereby barring any action against Mrs. Turner, their co-employee, as well as her insurer, Western, which is contractually liable to pay only those sums which she is liable to pay.
Both plaintiffs appeal raising the following issues:
(1) Whether or not the trial court erred in granting the motions for summary judgment and sustaining the exceptions of no cause or right of action in favor of the State predicated upon the exclusive remedy provisions of the worker's compensation act?
(2) Whether or not the trial court erred in granting the motions for summary judgment of Mrs. Turner and Western Casualty and Surety Co. predicated upon the plaintiff's failure to state a cause of action against Mrs. Turner?

ISSUE NO. 1
Our review of the applicable legislative and jurisprudential rules compels us to conclude that the trial court was correct in granting the motions for summary judgment and sustaining the exceptions in favor of the state. This identical issue has been addressed previously and decided adverse to plaintiffs' position in McGuire v. Honeycutt, 387 So.2d 674 (La.App. 1st Cir.1980), and Wright v. Moore, 380 So.2d 172 (La.App. 1st Cir.1979). Both of these cases held that even though the parties involved were employed by different divisions or departments of the state, that for the purpose of the applicable worker's compensation statutes, the state could not occupy a dual capacity but could only occupy the status of employer. Therefore, even though employees of the State of Louisiana may be employed by different departments or divisions and may be performing different functions, the employees only have one employerthe State of Louisiana.
We agree and adopt the rationale underlying the decisions aforementioned applying it to this case. In this instance, plaintiffs *958 and defendant Turner were performing duties to promote the health, safety and welfare of the people of the state when the accident occurred. Thus, all were employees of the State of Louisiana at the time of the accident. Accordingly, the plaintiffs are barred from bringing suit against the State of Louisiana, their employer, in tort under the provisions of La.R.S. 23:1032 and 1034.[1]

ISSUE NO. 2
Having found that both plaintiffs and Mrs. Turner are employees of the same employer, we conclude that neither plaintiff has a cause of action in tort against Mrs. Turner, their co-employee, because the worker's compensation law extends tort immunity to a fellow employee. La.R.S. 23:1032, 1034; Fox v. Commercial Union Insurance Co., 396 So.2d 543 (La.App. 3d Cir.1981). Nevertheless, plaintiffs contend that they have a direct action against Mrs. Turner's liability insurer under La.R.S. 22:655.[2] They further contend that the immunity afforded their co-employee, Mrs. Turner, under the exclusive remedy provisions of the worker's compensation statutes *959 is personal to her and therefore not available to Western, her insured.
We disagree. We conclude that the bar against recovery from a negligent co-employee who is immune from suit under worker's compensation statutes is not merely a personal defense to the co-employee but is a defense of no cause of action based on statutory law which is available to the co-employee's insurer. See Fox v. Commercial Union Insurance Co., 413 So.2d 679 (La.App. 3d Cir.1982); Carlisle v. State Department of Transportation and Development, 400 So.2d 284 (La.App. 3d Cir.1981).
For the foregoing reasons, the trial court's well written and detailed reasons for judgment, which we incorporate and adopt by reference, were correct. There is no genuine issue of fact in these cases and all defendants are entitled to judgment as a matter of law. Plaintiffs have no cause of action against defendants by operation of law. Accordingly, the judgments of the trial court granting the motions for summary judgment and sustaining the exceptions of no cause or right of action are affirmed at the costs of appellants.
JUDGMENT AFFIRMED.
NOTES
[1] La.R.S. 23:1032 provides:

The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.
La.R.S. 23:1034 provides:
A. The provisions of this Chapter shall apply to every person in the service of the state or a political subdivision thereof, or of any incorporated public board or commission authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the state or a political subdivision thereof or of any such incorporated public board or commission; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory; provided that one employed by a contractor who has contracted with the state or other political subdivision, or incorporated public board or commission through its proper representative, shall not be considered an employee of the state, or other political subdivision, or incorporated public board or commission; further, provided that members of the police department, or municipal employees performing police services for any municipality who are not elected officials shall be covered by this Chapter and shall be eligible for compensation; and provided further that criminal deputy sheriffs for the parish of Orleans shall be covered by this Chapter and shall be eligible for compensation as provided herein.
B. Except as expressly and specifically provided to the contrary in Subsection A hereof, the officials excepted from coverage under the provisions of this Chapter, in Subsection A of this Section, include all public officers as defined by R.S. 42:1. In this regard, sheriffs' deputies are, under R.S. 42:1, 33:1433, and 33:9001 et seq., appointed public officers and officials of their respective political subdivisions, the parish law enforcement districts.
C. Notwithstanding the provisions of Subsection A hereof, any political subdivision may, in its own discretion and by using its own funds available for same, provide workmen's compensation coverage for its officials, in addition to having to provide such coverage for its employees.
[2] La.R.S. 22:655 provides:

No policy or contract of liability insurance shall be issued or delivered in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and any judgment which may be rendered against the insured for which the insurer is liable which shall have become executory, shall be deemed prima facie evidence of the insolvency of the insured, and an action may thereafter be maintained within the terms and limits of the policy by the injured person, or his or her survivors mentioned in Revised Civil Code Article 2315, or heirs against the insurer. The injured person or his or her survivors or heirs hereinabove referred to, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Art. 42, Code of Civil Procedure. This right of direct action shall exist whether the policy of insurance sued upon was written or delivered in the State of Louisiana or not and whether or not such policy contains a provision forbidding such direct action, provided the accident or injury occurred within the State of Louisiana. Nothing contained in this Section shall be construed to affect the provisions of the policy or contract if the same are not in violation of the laws of this State. It is the intent of this Section that any action brought hereunder shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this State.
It is also the intent of this Section that all liability policies within their terms and limits are executed for the benefit of all injured persons, his or her survivors or heirs, to whom the insured is liable; and that it is the purpose of all liability policies to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause, for any legal liability said insured may have as or for a tort-feasor within the terms and limits of said policy.