WARREN E. HOOD, Judge Pro Tem.
This matter is before us on an appeal from the granting of a motion for summary judgment. We reverse and remand to the district court for trial on the merits.
Plaintiff, Timothy L. Sonnier, has sued his employer and brother, Robert Lee Son-nier, doing business as Bayou Boudin & Cracklins, an unincorporated entity; Bayou Boudin & Cracklins; and Essex Insurance Company, referred to in plaintiff-appellant’s brief as the comprehensive general liability insurer of the business and its proprietor. Plaintiff sued in tort.
The defendants filed a motion for summary judgment. Although the motion does not so state, the briefs make it clear that the basis of the motion is the contention that plaintiff’s sole remedy is in worker’s compensation, and, thus, the defendants are immune from tort liability. Plaintiff contends that the accident did not occur in the course and scope of his employment. The First Circuit has succinctly held in Robinson v. Estate of Haynes, 433 So.2d 294 (La.App. 1st Cir.1983):
“It is well settled that whether an employee is in the course and scope of employment is a question of fact to be determined by the trier of fact on the trial on the merits. This question of fact precludes any granting of a summary judgment. Jewell v. Thompson, 386 So.2d 689 (La.App.3d Cir.), writ denied, 393 So.2d 746 (La.1908).”
Since we agree with this statement, we, perhaps, should conclude our discussion at this point. But because defendants argue that Robinson is inapplicable here since it is uncontradicted that plaintiff was voluntarily performing a service for the benefit of his employer on the premises of his usual employment, we will explain further our decision.
The record reveals that the only eviden-tiary offerings either in support of or in opposition to the motions were the deposition of the plaintiff and the deposition of the defendant Robert Lee Sonnier. The entire deposition of each was filed in the trial court, but only excerpts from each deposition were included in the record on appeal. They were pages 30, 31, 45, 46 and 47 of the plaintiff’s deposition and pages 27, 29, 47 and 50 of Robert Lee Sonnier’s deposition.
The trial judge did not favor us with written reasons for his ruling, but his comments found in the transcript of the hearing on the motion give us insight into what he considered the pertinent facts to be and the basis of his decision.
As a very limited and apparently undisputed factual background for the trial judge’s comments, the plaintiff was burned in an alleged explosion of a butane barbecue pit on the premises of the business. This accident occurred while plaintiff was barbecuing a roast for the wedding of a daughter of John Guidry, a mutual friend of the two brothers, Timothy and Robert Sonnier. There was to be no charge made for the cooking. Guidry furnished the roast. The trial judge commented,
“I just want to state for y’all purpose, for your benefit the fact as I see them established by the depositions. You have two brothers, the employer and the employee. They both said the purpose of cooking the roast for this individual was to publicize the business. The employee came strictly voluntary, there would have been no repercussions had he not shown, there were no subtle coercion, he did it strictly voluntary. Had he not done it, it would have been no problem in his employment relationship. He was *1247 not paid for that day, it was his day off— that’s the facts that I use in — ”
Later in the hearing he ruled,
“Based on the facts as I find them to be established, I’m going to grant the motion for Summary Judgment. Find that he was, that workman’s comp, is the exclusive remedy.”
According to L.S.A. — C.C.P. art. 966, the mover’s burden of proof on a motion for summary judgment is twofold. He must show (1) that there is no genuine issue as to material fact, and (2) that the mover is entitled to judgment as a matter of law.
There are numerous unresolved factual questions that occur to this court. The record before us is so incomplete and inconclusive that this in itself would prohibit any granting of a motion for summary judgment. The only factual finding by the trial judge that would tend to support his decision is his statement that both the employer and employee said the purpose of cooking the roast was to publicize the business. But that statement of fact, when added to this court’s statement of what seem to be the background facts, does not clearly show this to be a worker’s compensation case. Other factors have to be considered.
Further, after making this factual finding, which is supportive of his conclusion, the trial judge proceeded to make other factual findings that create doubt in the correctness of his conclusion. He stated that the employee came strictly voluntarily; there would have been no repercussions or problems in his employment relationship had he not come; there was no subtle coercion and that he was not paid for the day he cooked the roast — that it was his day off. These are factual findings that would tend to support a conclusion that this is not a worker’s compensation case, but that it is, in fact, a tort case.
In short, the employer has failed to carry his burden of proving his entitlement to tort immunity. He has failed to show he is entitled to summary judgment as a matter of law.
Costs are assessed to the defendants.
REVERSED AND REMANDED.