635 So.2d 1165 (1994)
Christine HILL, PlaintiffAppellee,
v.
WEST AMERICAN INSURANCE COMPANY, DefendantAppellant.
Michael HILL, PlaintiffAppellee,
v.
WEST AMERICAN INSURANCE COMPANY, DefendantAppellant.
Nos. 93-915, 93-932.
Court of Appeal of Louisiana, Third Circuit.
March 2, 1994.
Rehearing Denied May 19, 1994.
*1167 Jerold Edward Knoll, Marksville, George Arthur Flournoy, Alexandria, for Christine Hill.
James A. Bolen Jr., Alexandria, for West American Ins. Co.
Mark Alan Watson, Alexandria, for B & B Const. etc.
Before WOODARD and DECUIR, JJ., and BERTRAND[*], J. Pro Tem.
WOODARD, Judge.
Appellant, West American Insurance Company, appeals from the trial court's ruling that appellee, Christine Hill, was not in the course and scope of her employment at the time of this automobile accident and, thus, was covered under its liability policy.

FACTS
B.B. Construction contracted with the State of Louisiana to maintain a remote stretch of U.S. Interstate 49. B.B. Construction furnished its employees two trucks for transportation to and from the job site which was over forty miles from B.B. Construction's headquarters. Usually the grass cutting crew of B.B. Construction Company did not work on Saturdays, but several work days preceding Saturday, November 16, 1991, were rain outs, and James Hill, the supervisor, decided to work the crew that day. Some of the regular workers did not show up so Mr. Hill asked Katina Brouillette, who was married to his grandson, Brian, and Brady Brouillette, another grandson, to help with the trash pick up that day. Mr. Hill and his crew, consisting of Michael Hill, Brian Brouillette, Katina Brouillette, Christine Hill and Brady Brouillette, arrived at the work site along I-49 in Evangeline Parish at approximately 9:00 A.M.
Two hours later, Katina Brouillette became hungry and asked plaintiff, Christine Hill, to accompany her to a store to obtain something to eat. Ms. Hill agreed even though she was not hungry. Due to the remote location of the job site, the employees used the company's vehicles for transportation. Only one of the two vehicles was allowed away from the job site at a time so it was customary for the employee leaving to check with the other employees to determine if anyone else wanted some food. Michael Hill requested Ms. Hill bring him back some food so he could continue to work during the interim.
The foreman, James Hill, had the responsibility of getting the employees from B.B. Construction's office to the work site and back each day. He kept records of how long the crew took for lunch and the hours they worked each day. He also decided when the crew would stop and take their lunch hour. Mr. Hill did not record anything about Katina Brouillette leaving on the date of the accident because he was not aware she had left.
Katina Brouillette, along with Christine Hill and Brady Brouillette, took B.B.'s small pick up truck, a 1985 Dodge Ram, to go to the store. The store was located off the Ville Platte exit, approximately three to four miles from where they were working at the time. After exiting I-49, Katina reached for her purse, veered off the roadway and lost control of the vehicle. The truck flipped over twice. Brady Brouillette sustained relatively minor injuries. Christine Hill was severely injured. She now has a plate in her left arm and two rods in her back.
Christine Hill and Michael Hill filed separate tort suits as a result of this accident. Among the defendants named were Katina Brouillette, the driver of the vehicle, and West American Insurance Company, the liability insurer of Katina's employer, B.B. Construction Company. They also filed a worker's compensation claim against B.B. Construction and its worker's compensation insurer, Traveler's Insurance Company.
*1168 Katina Brouillette and West American Insurance Company answered Ms. Hill's tort suit. Katina Brouillette was later killed in an altercation, therefore, only West American answered Mr. Hill's separate suit for consortium. West American asserted it was immune from plaintiffs' tort action claiming plaintiffs were limited to the exclusive remedy of workers' compensation benefits because this action occurred in the course and scope of Ms. Hill's employment. It further alleged it provided no coverage for this accident because its policy excludes coverage for accidents occurring in the course and scope of plaintiff's employment.
West American moved for summary judgment asking the trial court to find it was not liable to plaintiff because of the employer's tort immunity. Plaintiffs likewise moved for summary judgment, asking the court to find there was no tort immunity for the employer in this case and therefore, the employer's liability insurer provided coverage.
On May 5, 1993, there was a hearing on both motions. The trial court denied West American's motion for summary judgment and granted plaintiffs' motion for summary judgment. The trial court found Ms. Hill was not in the course and scope of her employment at the time of the accident. It further found Ms. Brouillette was insured under the liability policy issued by West American when the accident occurred and that the accident was caused solely by the negligence and fault of Katina Brouillette. The remainder of this tort suit was heard by a jury trial on October 13, 1993. The subject of this appeal by West American is the trial court's granting of summary judgment in favor of plaintiffs, declaring Ms. Hill was not within the course and scope of her employment with B.B. Construction Company at the time of the accident.

LAW
La.Code Civ.P. art. 966 discusses summary judgment and provides in pertinent part:
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
The burden of proof for a motion for summary judgment is as follows: The mover must show that (1) there is no genuine issue of material fact, and (2) the mover is entitled to judgment as a matter of law. Sonnier v. Bayou Boudin & Cracklins, 597 So.2d 1245 (La.App. 3 Cir.1992). The court in Sonnier, supra, held that the issue of whether an employee is in the course and scope of employment is a question of fact to be determined by the trier of fact at the trial on the merits. It further held that this question of fact precluded the granting of a summary judgment. The court found in Sonnier, supra, that there were numerous unresolved factual questions and that the record was so incomplete and inconclusive, it prohibited the granting of a motion for summary judgment. The court in Sonnier, supra, had only excerpts of depositions before it. However, this case is distinguishable from Sonnier, supra, because in the instant case we have entire depositions of all those involved in this accident and, thus, have a complete record from which to decide the pertinent issues. Although there are minor factual discrepancies in the deposition testimony, there are no genuine issues of material fact. Therefore, the inquiry is whether movers are entitled to judgment as a matter of law.
The key issue to be decided by this court is whether Ms. Hill was in the course and scope of her employment at the time of the accident. An insurer, raising a defense based on exclusionary language in its policy, has the burden of proof. Garcia v. St. Bernard Parish School Board, 576 So.2d 975 (La.1991). Thus, appellant had the burden to prove this accident did arise in the course and scope of Ms. Hill's employment.
*1169 Under the Louisiana Worker's Compensation Act, an employee injured in an accident while in the course and scope of employment has as her exclusive remedy the recovery of worker's compensation benefits. La.R.S. 23:1032. The exclusive remedy defense is available to not only the employer, but to co-employees and insurers as well. Green v. Turner, 437 So.2d 956 (La.App. 2 Cir.1983). In the present case, therefore, if Ms. Christine Hill were in the course and scope of her employment, West American Insurance Company, as the liability insurer of B.B. Construction Company, would be free from civil liability.
Appellant cites Taylor v. Dupree, 484 So.2d 986 (La.App. 3 Cir.), writ. denied, 488 So.2d 201 (La.1986), in support of its position. Taylor, supra, held that an employee, while driving her employer's vehicle at the time of the accident, is presumed to be acting in the course and scope of her employment, and such presumption is rebuttable only by strong and convincing evidence. The court found two considerations important in the determination of the course and scope inquiry, (1) whether the employer benefited and (2) whether the employee was acting in the course and scope of her employment at the time of the accident. We find the Taylor, supra, presumption is rebutted in the case sub judice because the employee was on her own time and the employer derived no benefit from her leaving the work site early before the lunch break had ever been called and without approval of the foreman of the early departure.
An accident occurs in the course of employment when it happens during the time of employment and at a place contemplated by the employment. Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982). The particular circumstances of the instant appeal do not meet either criterion in satisfaction of the "in the course of" requirement. This accident happened during a time when the employee was not subject to the supervision or control of the employer, was not paid, and was on a lunch break. Furthermore, the accident did not occur at a place contemplated by the employment. It happened on a highway two to three miles from the job site while an employee was on a personal mission to get something to eat.
"Course and scope" is defined in Benoit v. Capital Manufacturing Company, 617 So.2d 477 (La.1993) citing Lebrane v. Lewis, 292 So.2d 216 (La.1974). The course of employment refers to time and place. The scope of employment test examines the employment related risk of injury.

A. Time and Place
Ordinarily, an employee who leaves the employer's premises and takes his or her noon meal at home or some other place of their own choosing is outside the course of employment from the time they leave the work premises until their return. W. Malone & H. Johnson, 13 Louisiana Civil Law Treatise Worker's Compensation, Section 163, pg. 317 (2d Ed.1980). Appellant urges that in this case, there was no evidence Ms. Hill was taking her lunch break because Mr. Hill, the foreman, had not declared a lunch break when Ms. Brouillette and Ms. Hill left; neither was he aware they left. Thus, appellant argues Ms. Hill was still on the clock at the time of the accident.
However, according to the deposition of the foreman, the crew was only given one lunch break for thirty minutes. If the crew did not return within thirty minutes they would be docked for the time missed. He further testified that sometimes the crew would work through their lunch break in order to leave thirty minutes earlier. Katina Brouillette's purpose for leaving the work area was to get something to eat. While there is no evidence Ms. Hill accompanied her because she was also hungry, she nonetheless went with Katina, aware that the purpose of the trip was to obtain food. Thus, the two women were taking their lunch break when the accident occurred.

B. Employment-Related Risk Requirement
Appellant argues that plaintiffs' action falls within a well recognized exception *1170 to the general lunch rule. It has been repeatedly held that when an employer either furnishes the means of transportation or pays the employee for the use of his personal vehicle, then the employee is within the course and scope of his employment while going to and from work. Prothro v. Louisiana Paving Company, Inc., 399 So.2d 1229 (La.App. 3 Cir.), writ. denied, 404 So.2d 278 (La.1981).
In the case sub judice, although Katina Brouillette used one of the employer's trucks to drive herself, Christine Hill and Brady Brouillette, to get something to eat, the exception enumerated in Prothro, supra, does not apply. B.B. Construction did not provide transportation as part of the employment agreement nor did it require employees to ride in the company vehicles. Neither did B.B. Construction pay employees for travel. Brouillette's use of the company truck to go get lunch was personal and not in furtherance of B.B.'s business. The company provided the truck as a courtesy. In Reed v. Arthur, 556 So.2d 937 (La.App. 3 Cir.1990), the employee was injured on his way to work while riding in his employer's vehicle. The court held the accident was outside the course of the employment because the employer had offered the ride out of courtesy and not out of an obligation from an employment agreement.
Further, Malone and Johnson, Louisiana Civil Law Treatise, Worker's Compensation, Sec. 170 provides:
The fact that the employer occasionally provides transportation to accommodate an employee is not enough to bring the situation within the exception to the general rule that trips to and from the place of work are outside the course of employment. * * * In view of the informal character of hiring agreements, the undertaking to provide transportation must usually be implied from the circumstances.
Appellants argue Howard v. City of Alexandria, 581 So.2d 321 (La.App. 3d Cir.1991) is controlling in the instant case. The court in Howard, supra, found the employee was within the course and scope of his employment when an accident occurred in a city work truck while the employee was at lunch. However, in Howard, supra, the employee was subject to being called back at any time during his lunch hour and the employee was assigned by a supervisor to one of six city vehicles to drive that day and was required to drive it because his maintenance duties necessitated he travel from one location to another in the city. In the instant case, Ms. Brouillette was neither subject to being called back from her lunch hour nor required to drive the employer's vehicle.
Appellant also urges Michaleski v. Western Preferred Casualty Company, 472 So.2d 18 (La.1985) applies. In Michaleski, supra, the employee, an oil field worker, was returning to the rig after having eaten at Mc-Donald's a few miles away. He fell asleep at the wheel and seriously injured plaintiff. The issue was whether the employee was in the course and scope of his employment so as to make the employer responsible in tort. Unlike the instant case, the employee was furnished a food and gas allowance by his employer; the employee could be called to work at any time during the day; and the employee was required to obtain meals or groceries away from the rig site. Thus, the court concluded that the employee was in the course and scope of his employment at the time of the accident. In the case sub judice, B.B. did not furnish Brouillette a food or gas allowance.
Appellants further argue that another exception to the general lunch rule is applicable in the instant case. They rely on the exception found in Johnson v. Aetna Casualty and Surety Company, 387 So.2d 1340 (La.App. 1st Cir.), writ. denied, 393 So.2d 746 (La.1980), wherein the truck involved in the accident was "an instrument of the worker's trade." In Johnson, supra, the court found the employee was injured within the course and scope of his employment when the injury took place while traveling in a pick-up truck which was an instrument of the worker's trade.
Johnson, supra, is distinguishable from the instant case because the plaintiff in Johnson, *1171 supra, was a timber subcontractor who provided his own trucks to carry his employees and equipment to and from work. His truck was obviously an instrument of his trade. In this case Ms. Brouillette and Ms. Hill only drove the truck to find something to eat or to use bathroom facilities. It was not used as an instrument of either Ms. Brouillette's or Ms. Hill's trade, which involved cutting grass and collecting the clippings, and picking up trash along the highway. Thus, this exception does not apply.
An employee is within the course and scope of her employment when the employer has interested himself in the transportation to and from work as an incident to the employment agreement. Reed v. Arthur, 556 So.2d 937 (La.App. 3d Cir.1990). This is recognized by the courts as a factual issue; the inquiry being whether the transportation was an incident to the employment agreement or whether the activity undertaken was in furtherance of the employer's business when the injury occurred. Washington v. Southern Farm Bureau Casualty Insurance Company, 499 So.2d 1125 (La.App. 3d Cir. 1986). In the case sub judice, Brouillette's use of the company truck to obtain lunch was not an incident to employment nor was obtaining lunch in furtherance of the employer's business.
After a careful examination of the record and analysis of applicable cases, we find that the fact situation in the case sub judice does not qualify for any of the exceptions cited by appellant. We find Ms. Hill was not in the course and scope of her employment when the accident occurred and she was entitled to judgment as a matter of law. Thus, the trial court did not err in denying appellant's motion for summary judgment and granting plaintiff's motion for summary judgment.

DECREE
For the reasons assigned above, the judgment appealed is affirmed. Costs of this appeal are assessed to appellant, West American Insurance Company.
AFFIRMED.
NOTES
[*] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.