# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-162


**MORRIS L. MAYNARD, JR. AND STEPHANIE MAYNARD, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, SETH MAYNARD**

**VERSUS**

**RICKY HATFIELD AND LIBERTY MUTUAL INSURANCE COMPANY**

************

## APPEAL FROM THE
## THIRTY-SIXTH JUDICIAL DISTRICT COURT
## PARISH OF BEAUREGARD, NO.  C-2006-0918-A
## HONORABLE MARTHA ANN O'NEAL,  DISTRICT JUDGE


************

## JAMES T. GENOVESE
## JUDGE

************

Court composed of Oswald A. Decuir, Marc T. Amy, and James T. Genovese, Judges.


**REVERSED.**

**Lawrence N. Curtis**
**Lawrence N. Curtis, LTD.**
**(A Professional Law Corporation)**
**300 Rue Beauregard, Building C**
**Post Office Box 80247**
**Lafayette, Louisiana 70598-0247**
**(337) 235-1825**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Morris L. Maynard, Jr. and Stephanie Maynard,**
    **Individually and on behalf of their minor child,**
    **Seth Maynard**

**Nan M. Landry**
**Brenda L. Mistrot**
**Daigle Rayburn LLC**
**303 West Vermilion, Suite 210**
**Post Office Box 3667**
**Lafayette, Louisiana 70502-3667**
**(337) 234-7000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Ricky Hatfield and Liberty Mutual Insurance Company**

**GENOVESE, Judge.**

Plaintiffs, Morris L. Maynard, Jr. and Stephanie Maynard, individually and on behalf of their minor child, Seth Maynard, appeal the trial court's grant of summary judgment in favor of Defendants, Ricky Hatfield and Liberty Mutual Insurance Company. For the following reasons, we reverse.

## FACTS

On October 21, 2005, Mr. Maynard was involved in an automobile accident while riding as a guest passenger in a company vehicle being driven by his stepbrother, Mr. Hatfield, and owned by their employer, Pike Electric. Mr. Maynard and Mr. Hatfield were traveling from Louisiana, where they resided, to a job site in Mississippi, when Mr. Hatfield rear-ended another vehicle on Interstate 12 in Covington, Louisiana.

Mr. and Mrs. Maynard, individually and on behalf of their minor child, Seth Maynard (collectively Mr. Maynard), instituted this personal injury action against Mr. Hatfield and Liberty Mutual Insurance Company (collectively Mr. Hatfield), Pike Electric's automobile liability insurer. Mr. Hatfield filed a Motion for Summary Judgment seeking a dismissal of Mr. Maynard's claims on the grounds that his sole remedy was provided under the Louisiana Workers' Compensation Act. The trial court denied the motion. Following additional discovery, Mr. Hatfield filed a second Motion for Summary Judgment asserting the same grounds. This second motion for summary judgment was granted by the trial court in accordance with Written Reasons rendered on October 22, 2009, and a concomitant judgment was signed. Mr. Maynard appeals.

## ASSIGNMENT OF ERROR

The sole assignment of error presented by Mr. Maynard is that "[t]he [t]rial

[j]udge erred in pretermitting a finding with regard to whether [Mr.] Maynard was in the course and scope of his employment at the time of the accident."

**LAW AND DISCUSSION**

In considering the assignment of error raised by Mr. Maynard, we note that the Written Reasons issued by the trial court expressly state that:

> With respect to the current matter, the [P]laintiff has been awarded and found to be within the course and scope of his employment at the time of the accident, therein negating any necessity for the court to determine the course and scope matter. However, as to the liability against Mr. Hatfield's insurer, this court is of the opinion that this remedy is now exclusively barred.

Based upon this express language of the trial court's Written Reasons, we agree with Mr. Maynard that the trial court erred in concluding that he had already been "found to be within the course and scope of his employment at the time of the accident." To the contrary, the record clearly indicates that Mr. Hatfield had previously filed a Motion for Summary Judgment on the issue of whether Mr. Maynard was in the course and scope of his employment at the time of the accident, which was denied by the trial court.

The issue raised on appeal is a question of law. We, therefore, must perform a de novo review of the record and determine whether the trial court's decision is legally correct. *See Bailey v. City of Lafayette*, 05-29 (La.App. 3 Cir. 6/1/05), 904 So.2d 922, *writs denied*, 05-1689, 05-1690, 05-1691, and 05-1692 (La. 1/9/06), 918 So.2d 1054, 1055. Given that the record is void of any evidence of a previous adjudication of the issue of course and scope, we find that the trial court committed legal error in concluding "that there are no genuine issues of fact that remain to be heard and that therefore, the Motion for Summary Judgment [must be] granted."

Mr. Hatfield's Motion for Summary Judgment asserts "that[,] as a matter of

2

law, [P]laintiffs' claims are barred under the exclusivity provision of the Louisiana

Workers' Compensation Act[.]" Mr. Hatfield concludes that:

> Based on the law and the evidence adduced, there are no genuine issues of material fact that, as a matter of law, the [P]laintiff[,] Morris L. Maynard, Jr.[,] was in the course and scope of his employment with Pike Electric, Inc. at the time of the accident sued upon and, thus[,] [P]laintiffs' exclusive remedy is under the Louisiana Workers' Compensation Act.[1]

As the mover, Mr. Hatfield bears the burden of proving his entitlement to summary

judgment. La.Code Civ.P. art. 966.

> As a general rule, an employee is not in the course and scope of his employment when traveling to or from work. However, one exception to this rule occurs when an employer interests himself in the transportation of the employee either by contractually providing transportation or reimbursing the employee for travel expenses. *Tarver v. Energy Drilling Co.*, 26,233 (La.App. 2 Cir. 10/26/94); 645 So.2d 796; *Yates v. Naylor Industrial Services, Inc.*, 569 So.2d 616 (La.App. 2 Cir.1990), *writ denied*, 572 So.2d 92 (La.1991). The transportation must be an incident of the contract of hiring; the fact that the employer occasionally provides transportation to accommodate an employee is not enough to bring the situation within the exception to the general rule. MALONE & JOHNSON, WORKERS' COMPENSATION, 13 LOUISIANA CIVIL LAW TREATISE § 170 (3d ed.1994).

*Chapman on Behalf of Arvie v. Liberty Mut. Ins. Co.*, 96-458, p. 7 (La.App. 3 Cir.

11/6/96), 682 So.2d 906, 910.

In *Hill v. West American Insurance Co.*, 93-915, p. 9 (La.App. 3 Cir. 3/2/94),

635 So.2d 1165, 1171, *writ denied*, 94-1630 (La. 9/30/94), 642 So.2d 881, this court

opined that "the inquiry [is] whether the transportation was an incident to the

---

[1]"Generally, when a worker seeks to recover from [his] employer for injuries suffered during the course and scope of employment, recovery is limited through the Louisiana Workers['] Compensation Act, La.R.S. 23:1032, which provides immunity from civil liability in favor of an employer." *Broussard v. Smith*, 08-473, p. 2 (La.App. 3 Cir. 12/3/08), 999 So.2d 1171, 1173 (citing *Cole v. State, Dep't of Pub. Safety & Corr.*, 01-2123 (La. 9/4/02), 825 So.2d 1134). "The exclusive remedy defense is available not only to the employer, but to co-employees and insurers as well." *Hudson* v. *Progressive Sec. Ins. Co.,* 05-2648, p. 4 (La.App. 1 Cir. 11/3/06), 950 So.2d 817, 820 (citing *Haywood v. Dugal*, 00-334, 00-335 (La.App. 5 Cir. 10/31/00), 772 So.2d 240, *writs denied*, 00-3215, 00-3258 (La. 2/2/01), 784 So.2d 4).

employment agreement[.]" In *Hill*, we held that the plaintiff, who was riding in a company vehicle, was not in the course and scope of her employment since the employer "did not provide transportation as part of the employment agreement nor did it require employees to ride in the company vehicles." *Id*. at 1170.

Similarly, in *Tucker v. Northeast Louisiana Tree Service*, 27,768, p. 11 (La.App. 2 Cir. 12/6/95), 665 So.2d 672, 679, *writ denied*, 96-63 (La. 3/8/96), 669 So.2d 404, a plaintiff was found not to be in the course and scope of his employment when the transportation provided by the employer was termed by the court a "gratuitous offer, the acceptance of which was not required." Thus, the transportation was not "an incident of employment[.]" *Id*. at 677. The same result was reached by the fourth circuit in *Hebert v. Jeffrey*, 94-1230, p. 5 (La.App. 1 Cir. 4/7/95), 653 So.2d 842, 845, where that court found that the plaintiff was not in the course and scope of his employment since the employer "gratuitously offered" the transportation.

In the instant matter, in connection with the Motion for Summary Judgment, Mr. Maynard and Mr. Hatfield each provided affidavits and deposition testimony relative to the circumstances surrounding the use of the company vehicle.[2] Undisputedly, the vehicle in which Mr. Maynard was riding at the time of the accident was owned by Pike Electric and was provided by Pike Electric to Mr.

---

[2]We note that the record contains only excerpts of the deposition testimony that was submitted to the trial court in connection with the Motion for Summary Judgment. The hearing on the motion was held October 12, 2009, with Written Reasons and the concomitant judgment being issued by the trial court on October 22, 2009. Subsequent thereto, and after the appeal had been taken from the ruling of the trial court, on February 23, 2010, Mr. Hatfield filed a Motion and Order to Supplement the record with "complete deposition transcripts" of Mr. Maynard and Mr. Hatfield. According to the record, this motion was granted by the trial court. However, "[t]his court is not vested with the authority to receive new evidence and cannot consider evidence which was not part of the record before the trial court. *White v. W. Carroll Hosp., Inc.*, 613 So.2d 150 (La.1992)." *Brown v. State*, 06-709, p. 3 (La.App. 3 Cir. 11/2/06), 942 So.2d 721, 723. Consequently, we will consider only the evidence that was before the trial court when the Motion for Summary Judgment was granted.

Hatfield. The two men, stepbrothers, who resided in Louisiana, had been working at a job site in Mississippi and were returning to Louisiana in the company vehicle when the accident occurred. However, a review of the affidavits and deposition testimony reveal that genuine issues of material fact remain as to whether Mr. Maynard's use and occupancy of that vehicle was the result of a gratuitous offer of Pike Electric or was an incident of his employment.

When Mr. Maynard began using a company vehicle for purposes of commuting to Mississippi, both he and Mr. Hatfield rode in a vehicle owned by Pike Electric and driven by their supervisor at that time. When Mr. Hatfield was promoted to a supervisory position, Pike Electric provided him with a vehicle. Mr. Hatfield and Mr. Maynard began commuting together in Mr. Hatfield's company vehicle; however, according to Mr. Maynard, his use of the vehicle was a "gratuity, which he was not required to accept." Additionally, Mr. Maynard contends that he was not paid wages during the time of his commute, and he was not "performing any services for, or being paid by, Pike Electric." It was Mr. Maynard's testimony that a supervisor for Pike Electric requested that he ride in the company vehicle with Mr. Hatfield "to cut down on vehicle space at the job sites." Although he testified that he considered it a requirement of his job to listen to his supervisor and ride together with Mr. Hatfield, Mr. Maynard's answer was equivocal. Upon further questioning, Mr. Maynard was asked whether he had the choice to drive his own truck or to use Pike Electric's vehicle to which he responded: "I had a choice, yes[.]"

Mr. Hatfield confirms in his affidavit that he was employed by Pike Electric and that he was working in Mississippi at the time of the accident. Additionally, he confirms that he and Mr. Maynard would commute together from their homes in

5

Louisiana to Mississippi using a "pickup truck owned and furnished to [him] by Pike Electric." In his words, Pike Electric furnished the vehicle to him "with the understanding that [he] and Morris L. Maynard, Jr. would drive together from Merryville, Louisiana, to the job sites on the Mississippi Gulf Coast following Hurricane Katrina." Consistent with Mr. Maynard's testimony, Mr. Hatfield testified in his deposition that he was provided the company vehicle to be used by him and used to transport other employees to the job site. It was his testimony, however, that he was not told that he "had to" transport Mr. Maynard to Mississippi in the company vehicle.

In reaching our conclusion herein, we are mindful of the supreme court's instruction that courts are to liberally construe the coverage provisions of the Louisiana Workers' Compensation Act, but are to construe the immunity provisions therein narrowly. *Rando v. Anco Insulations, Inc.*, 08-1163 (La. 5/22/09), 16 So.3d 1065; *Stelly v. Overhead Door Co. of Baton Rouge*, 94-569 (La. 12/8/94), 646 So.2d 905. Considering the relevant jurisprudence and the evidence in the record of these proceedings, we find that Mr. Hatfield failed to establish that Mr. Maynard's use of Pike Electric's vehicle was an incident of his employment with Pike Electric. Consequently, genuine issues of material fact remain as to whether Mr. Maynard was in the course and scope of his employment at the time of the subject accident. Mr. Hatfield, therefore, failed to meet his burden of proving his entitlement to summary judgment as a matter of law.

## DECREE

The judgment of the trial court granting the Motion for Summary Judgment in favor of Defendants, Ricky Hatfield and Liberty Mutual Insurance Company, is

6

reversed.  All costs of these proceedings are assessed against Defendants, Ricky Hatfield and Liberty Mutual Insurance Company.

**REVERSED.**