GARRISON, Judge.
This is an appeal from a judgment of the district court rendered June 13, 1985 granting workmen’s compensation benefits to James C. Moreland, a professional jockey, who was injured when the horse he was riding had a heart attack and fell on top of him, breaking his leg. From that judg *1079 ment, which we affirm in part and remand, defendant F. Marvin Bennett appeals.
The judgment provided as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiff, James C. More-land, and against defendants, Harold Steaveans and F. Marvin Bennett, in soli-do, for workman’s compensation benefits in the amount of sixty-six and two-thirds percent (66-%%) of plaintiffs average weekly wages for a period not to exceed one hundred seventy-five (175) weeks beginning on January 16, 1982 and for all medical treatment resulting from said claim plus interest and all costs of these proceedings.”
The judge provided the following written reasons for judgment:
“This is a suit for workman’s compensation benefits from injuries sustained by plaintiff, James C. Moreland when a horse he was riding suffered a heart attack and collapsed upon plaintiff crushing his left leg.
Plaintiff alleges that he was exercising the horse during the course and scope of his employment with defendants Harold Steaveans (the horse owner) and Marvin Bennett (the trainer).
Defendants deny plaintiff’s status and allege that he was an independant contractor gratuitously exercising the horse in the hope of obtaining employment or, alternatively, that he was acting outside the course and scope of his employment.
The first issue is whether plaintiff was an employee as defined by LSA-R.S. 23:1021 and eligible for benefits. All provisions of the Workman’s Compensation statute are to be liberally construed in favor of claimants Johnson Vs. Aetna Cas & Surety Co., 387 So.2d 1340 (La.App.1980). The test is whether claimant spent a substantial amount of his time engaged in manual labor in work that was part of his principal trade, business or occupation Lushute Vs. Diesi, 354 So.2d 179 (La.1977).
The evidence shows that plaintiff and defendant Bennett had continuing employment relationship and that Bennett has a considerable amount of control over plaintiff’s work activities. Plaintiff is thus an employee of defendants and not an independent contractor.
Finding that plaintiff is a covered employee the Court must determine plaintiff’s compensation rate.
The evidence shows that plaintiff underwent four months of active treatment and has a residual disability in his left leg which impairs his ability to work as a jockey.
Under LSA-R.S. 23:1221 (4) (h) plaintiff is entitled to 66-%% of his wages for a period of one hundred seventy-five weeks and all medical expenses incurred for this injury.
The Court finds that defendants were not arbitrary in their refusal to pay benefits and is not entitled to penalties and attorney fees.
There will be judgment accordingly.”
On appeal, Bennett raises three specifications of error:
1. The trial court erred in finding plaintiff an “employee” under R.S. 23:1021;
2. The trial court erred in finding plaintiff entitled to 66-⅜% of his wages for 175 weeks plus medical expenses under R.S. 23:1221;
3. The trial court erred in failing to set the amount of plaintiff’s wages so as to ascertain a monetary amount of the judgment.
Turning to defendant’s first specification of error, we note that R.S. 23:1021 provides as follows:
“(6) ‘Independent contractor’ means any person who renders service, other than manual labor, for a specified recompense for a specified result either as a unit or as a whole, under the control of his principal as to results of his work only, and not as to the means by which such result is accomplished, and are expressly excluded from the provisions of this Chapter unless a substantial part of the worktime of an independent contractor is spent in manual labor by him in *1080 carrying out the terms of the contract, m which case the independent contractor is expressly covered by the provisions of this Chapter.”
The horse, “Six O’Clock Report”, was owned by Harold Steaveans. Steaveans hired trainer F. Marvin Bennett to train Six O’Clock Report as well as his other horse, Count Iberville. Plaintiff James C. More-land was a jockey who also worked as an exercise boy, exercising horses in the morning in addition to racing horses. The wage for morning exercise is $5.00 per horse per exercise (approximately 15 minutes) if the jockey is not racing that horse in the afternoon or evening. If the jockey is racing that horse that day, then the jockey is not paid separately as an exercise boy, but is paid later as a jockey.
At the time of the accident, Moreland regularly exercised the only two horses trained by Bennett, both of which were owned by Steaveans. Sometimes Moreland would be paid for exercising only, sometimes he would race the horses and sometimes he would gratuitously waive the exercise payment because of his friendship with Bennett.
The trial judge found that “a substantial part of Moreland’s worktime was spent in manual labor that was his principal trade,” hence he was covered by the workman’s compensation provisions. This finding is correct and and will not be disturbed on appeal.
Turning to defendant s second specification of error, defendant argues that the court erred because the record indicates no medical evidence of residual disability. Plaintiff’s doctor did not testify, but it is not required that he testify. Plaintiff testified as to the amount of time he was hospitalized, surgical insertion of the 12 inch steel rod, time spent in the cast, pain medication, etc. from his firsthand personal knowledge as a fact witness only. (He did not attempt expert medical opinion). He also testified that he is currently unable to ride horses, that riding is painful and that he had not ridden a horse in over a year and a half. In addition, all of plaintiffs medical and hospitalization records were introduced into evidence as P-3. Plaintiff, by his testimony and medical records, proved his condition. Defendants failed to present any evidence in rebuttal. Accordingly, this specification of error is without merit.
Turning to defendant’s last specification of error, defendant argues that the trial court erred in failing to state the amount of plaintiffs compensation rate. This specification is correct. Plaintiff testified that he was earning between $40 and $50 per day exercising horses, plus his jockey winnings averaging $300 to $500 plus his racing fees of $35 go $55 per mount. We do not know the average of Mr. Moreland’s racing fees from the record before us, hence this court is unable to amend the judgment to state plaintiff's compensation rate. Accordingly, the judgment below is affirmed in part and remanded to the trial court in order that the trial court can determine plaintiff’s compensation and amend the judgment to state that amount.
AFFIRMED IN PART AND REMANDED.