STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1003

JOHN McKEANE

VERSUS

LA REN FEST, LLC, WAR HORSE PRODUCTIONS, INC.,
LOUISIANA WORKERS' COMPENSATION CORPORATION, LLC

Judgment Rendered: **MAY 0 9 2024**

* * * * * * *

On Appeal from the Office of Workers' Compensation, District 6
In and for the Parish of St. Tammany
State of Louisiana
Court Docket Number 22-04015

Honorable Diane R. Lundeen,
Workers' Compensation Judge Presiding

* * * * * * *

<table>
<tr><td>Nathan L. Schrantz<br>New Orleans, Louisiana<br>and<br>David L. Browne<br>Cynthia M. Cimino<br>Metairie, Louisiana</td><td>Attorneys for Plaintiff/Appellant,<br>John McKeane</td></tr>
<tr><td>M. Jeremy Berthon<br>Sarah C. Tadros<br>Baton Rouge, Louisiana</td><td>Attorneys for Defendants/Appellees,<br>LA Ren Fest, LLC and LWCC</td></tr>
<tr><td>Matthew W. Tierney<br>Kristine D. Smiley<br>Baton Rouge, Louisiana</td><td>Attorneys for Defendant/Appellee,<br>War Horse Productions, Inc.</td></tr>
</table>

* * * * * * *

**BEFORE: THERIOT, PENZATO, AND GREENE, JJ.**

**PENZATO, J.**

John McKeane appeals a summary judgment in favor of War Horse Productions, Inc., LA Renfest, LLC, and Louisiana Workers' Compensation Corporation, LLC (LWCC), dismissing his claim for workers' compensation benefits. For the reasons that follow, we affirm in part, reverse in part, and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Mr. McKeane was employed by War Horse Productions. He was performing as a jouster on horseback at the Louisiana Renaissance Festival on November 6, 2021, when he was knocked from his horse, landing on his head and sustaining injuries. He filed a claim for workers' compensation benefits, contending that both War Horse Productions and LA Renfest were his employers. LA Renfest and LWCC filed a motion for summary judgment, which was adopted by War Horse Productions. In their motion for summary judgment, LA Renfest and LWCC contended that Mr. McKeane was injured as a performer rendering services under a performance contract, and he therefore was exempt from workers' compensation coverage under La. R.S. 23:1035(B)(2). Mr. McKeane opposed the motion.

Following a hearing, the workers' compensation judge (WCJ) granted the motions for summary judgment, finding that Mr. McKeane was a performer acting under a performance contract, and his claims were therefore excluded from coverage under the Louisiana Workers' Compensation Act pursuant to La. R.S. 23:1035(B)(2). The WCJ signed a judgment in accordance with its ruling on June 9, 2023, thereby dismissing Mr. McKeane's claims with prejudice. Mr. McKeane appeals, asserting that the WCJ erred as a matter of law by finding the performance exception contained in La. R.S. 23:1035(B)(2) applied to his claims.

2

## LAW AND DISCUSSION

The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action.[1] La. C.C.P. art. 966(A)(2). After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). At the time of the hearing on the motions for summary judgment, La. C.C.P. art. 966(A)(4) provided that the mover can meet its burden by filing supporting documentary evidence consisting of pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions with its motion for summary judgment. The mover's supporting documents must prove the essential facts necessary to carry the mover's burden. See La. C.C.P. art. 966(A)(3); *Ricketson v. McKenzie*, 2023-0314 (La. App. 1 Cir. 10/4/23), 380 So. 3d 1, 6-7.

Once the mover properly establishes the material facts by its supporting documents, the mover does not have to negate all of the essential elements of the adverse party's claims, actions, or defenses if he will not bear the burden of proof at trial. La. C.C.P. art. 966(D)(1). Rather, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.* The burden then shifts to the non-moving party to produce factual support, through the use of proper documentary

---

[1] Louisiana Code of Civil Procedure article 966 was amended by La. Acts 2023, No. 317, § 1 and La. Acts 2023, No. 368, § 1, effective August 1, 2023. Despite the declaration in the revision comments that the amendment "is not intended to make substantive changes to the law," see La. C.C.P. art. 966, Comments – 2023, Comment (f), this court has determined that the amendments are substantive and cannot be applied retroactively. See *Ricketson v. McKenzie*, 2023-0314 (La. App. 1 Cir. 10/4/23), 380 So. 3d 1, 6. Accordingly, in the instant matter, we apply the version of La. C.C.P. art. 966 in effect at the time the motions for summary judgment were submitted and heard.

3

evidence attached to its motion, which establishes the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*; see also La. C.C.P. art. 966, Comments – 2015, Comment (j). If the non-moving party fails to produce factual support in opposition sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, La. C.C.P. art. 966(D)(1) mandates the granting of the motion for summary judgment. *White v. Herbert*, 2022-1333 (La. App. 1 Cir. 6/2/23), 369 So. 3d 898, 902. However, even in the absence of formal opposition, the moving party must show that he is entitled to summary judgment. *Ricketson*, 380 So. 3d at 7.

In determining whether summary judgment is appropriate, appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Reynolds v. Bordelon*, 2014-2371 (La. 6/30/15), 172 So. 3d 607, 610. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. *Succession of Hickman v. State Through Board of Supervisors of Louisiana State University Agricultural and Mechanical College*, 2016-1069 (La. App. 1 Cir. 4/12/17), 217 So. 3d 1240, 1244.

The summary judgments in this case were granted based upon the WCJ's determination that Mr. McKeane's employment status as a performer acting under a performance contract excluded him from coverage under the Louisiana Workers' Compensation Act. Workers' compensation laws provide coverage to an employee not otherwise eliminated from the benefits of the Louisiana Workers' Compensation Act for personal injury by accident arising out of and in the course of employment. See La. R.S. 23:1031(A). Louisiana Revised Statutes 23:1035 provides exemptions from coverage for certain types of employees. Relevant hereto, La. R.S. 23:1035(B)(2) provides that "musicians and performers who are rendering services

4

pursuant to a performance contract" are exempt from coverage under the Louisiana Workers' Compensation Act.

In support of their motion for summary judgment, LA Renfest and LWCC filed the affidavit of Amy Brumfield, an employee of LA Renfest. Ms. Brumfield attested that LA Renfest holds an annual Renaissance Festival in Hammond, Louisiana, from the first week of November through mid-December. According to Ms. Brumfield, for the 2021 festival, LA Renfest entered into a written contract with War Horse Productions, wherein LA Renfest subcontracted the jousting portion of the festival to War Horse Productions. A copy of the contract was attached to Ms. Brumfield's affidavit. The contract indicated that War Horse Productions would provide "professional quality performance as an independent contractor" for the dates of the 2021 festival. War Horse Productions was compensated "per performance day" and agreed to perform as scheduled by the entertainment director.

LA Renfest and LWCC also filed Mr. McKeane's deposition in support of their motion. According to Mr. McKeane, he was a jouster and farmhand for War Horse Productions. Mr. McKeane testified he participated in jousting demonstrations at festivals. According to Mr. McKeane, the purpose of the jousting demonstrations was to entertain patrons of the festival. He was paid by War Horse Productions for the days the jousting demonstrations were held and also received tips from the audience. Mr. McKeane testified he was expected to feed and care for the horses during the festival. Mr. McKeane considered jousting a "full contact competition," not a performance. He testified it was a demonstration of his skills on horseback and in armor, with "some dramatic elements to it[.]" He used the name Roland McKeane when he was jousting.

On appeal, Mr. McKeane argues the WCJ applied the exemption contained in La. R.S. 23:1035(B)(2) too broadly. According to Mr. McKeane, because the statute is written with the word "and," as opposed to "or," the law of Louisiana statutory

5

interpretation mandates that the term "performer" be interpreted with reference to "musicians," not separately and independently. Thus, he argues the exemption statute is limited to "musical performers." He further argues the practical application of the law suggests it does not apply generally to a broad array of potential "performers" as that term is defined. Finally, he argues he was not a performer; he was a farmhand and competing jouster.

At the outset, we note the application of La. R.S. 23:1035(B)(2) as an exemption from the Louisiana Workers' Compensation Act is an issue of first impression for this Court. Our review of this statute is guided by the following well-established rules of interpretation:

Legislation is the solemn expression of the will of the legislature. La. C.C. art. 2; *City of Bossier City v. Vernon*, 2012-0078 (La. 10/16/12), 100 So. 3d 301, 305, quoting *First Nat. Bank, USA v. DDS Const., LLC*, 2011-1418 (La. 1/24/12), 91 So. 3d 944, 953. The determination of the legislature's will regarding legislation must start with the language of the statute itself. *City of Bossier City*, 100 So. 3d at 305, quoting *First Nat. Bank*, 91 So. 3d at 953. The words used must be interpreted as they are generally understood. La. C.C. art. 11; see *City of Bossier City*, 100 So. 3d at 305, quoting *First Nat. Bank*, 91 So. 3d at 953. When the words of a statute are clear and unambiguous, and the application of the law does not lead to absurd consequences, the statute should be applied as written and no further effort should be made to determine the legislature's intent. La. C.C. art. 9; La. R.S. 1:4. Disputes concerning the facts in workers' compensation cases shall not be given a broad, liberal construction in favor of either employees or employers; the laws pertaining to workers' compensation shall be construed in accordance with the basic principles of statutory construction and not in favor of either employer or employee. La. R.S. 23:1020.1(D)(2).

Applying these statutory principles, we find the clear and unambiguous language of La. R.S. 23:1035(B)(2) exempts two categories of employees from workers' compensation coverage: (1) musicians and (2) performers who are rendering services pursuant to a performance contract. Had the legislature intended to exempt only "musical performers," it could have done so with clear and unambiguous language.

We further reject Mr. McKeane's argument that this interpretation is contrary to Louisiana cases that have applied workers' compensation law to other "performance competitors" such as horse jockeys,[2] stunt performers,[3] and professional football players.[4] We note that none of the cases cited by Mr. McKeane involved an application of La. R.S. 23:1035(B)(2). Moreover, we are not called upon in this matter to determine whether such "performance competitors" were performers rendering services pursuant to a performance contract. Rather, we must determine whether Mr. McKeane was a performer under the specific facts of this case.

Mr. McKeane testified in his deposition he participated in jousting demonstrations for the purpose of entertaining an audience, for which he received tips. He recognized that the demonstration involved dramatic elements. The contract between Mr. McKeane's employer, War Horse Productions, and LA Renfest was for "professional quality performance" for the dates of the 2021 festival. Based upon our *de novo* review of the record in this matter, we find there is no genuine issue of material fact that Mr. McKeane was a performer, as that word is

---

[2] Mr. McKeane cites *Moreland v. Steaveans*, 496 So. 2d 1078 (La. App. 4 Cir. 1986) and *Faul v. Trahan*, 98-488 (La. App. 3 Cir. 10/7/98), 718 So. 2d 1081. Both of these cases were decided prior to the enactment of La. R.S. 23:1035(B)(2).

[3] Mr. McKeane cites *Eilts v. Twentieth Century Fox Film Corp.*, 54,252 (La. App. 2 Cir. 3/30/22), 336 So. 3d 1022, writ denied, 2022-00691 (La. 6/22/22), 339 So. 3d 1184. At issue in this case was whether the stunt performer's injuries were the result of an intentional act.

[4] Mr. McKeane cites *Loewen v. New Orleans Louisiana Saints LLC*, 22-507, 22-508 (La. App. 5 Cir. 6/7/23), 367 So. 3d 846, writ denied, 2023-00939 (La. 10/31/23), 372 So. 3d 812.

generally understood, rendering services pursuant to a performance contract. Thus, the WCJ did not err in granting the motion for summary judgment filed by LA Renfest and LWCC.

However, War Horse Productions filed a motion for summary judgment that "adopts the Motion for Summary Judgment, Memorandum, supporting documentation and all filings [by LA Renfest and LWCC] with regard to the assertion that the claimant was a performer rendering services under a performance contract pursuant to LSA-R.S. [23:]1035(B)(2)." War Horse Productions did not include a memorandum in support of its motion nor did it file any evidence in support of its motion. This court has previously found such "me too" motions, wherein a party attempts to adopt and incorporate the evidence, authorities, and arguments set forth in another motion simply by reference thereto, did not meet the requirements of La. C.C.P. art. 966 in effect at the time War Horse Productions' motion for summary judgment was submitted and heard, because materials elsewhere in the record cannot be considered on summary judgment. See Ricketson, 380 So. 3d at 7. Accordingly, because War Horse Productions failed to raise any argument or file any evidence in support of its motion for summary judgment that would satisfy its initial burden, we find, pursuant to our de novo review, the WCJ erred in granting summary judgment in favor of War Horse Productions.

## CONCLUSION

For the foregoing reasons, the June 9, 2023 judgment granting the motion for summary judgment filed by LA Renfest, LLC and Louisiana Workers' Compensation Corporation, LLC and dismissing John McKeane's claim for workers' compensation benefits is affirmed. The judgment granting the motion for summary judgment filed by War Horse Productions, Inc. is reversed, and the matter is remanded for further proceedings. Costs of this appeal are assessed equally to John McKeane and War Horse Productions, Inc.

**JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**